## WM. P. GAY, *et al.*, v. THE STATE OF KANSAS.

1. RECOGNIZANCE; *Ambiguity may be explained by other parts of the record.* Where a recognizance in its obligatory part recites that it is made by William *P.* Gay, Peter Le Page, and William *T.* Gay, and the condition is that "if the above bounden *William Gay* shall appear at the next term of the district court to be holden in the county of Shawnee, there to answer the charge of grand larceny," *held*, that under proper averments in the petition it was competent to show by evidence that the "William Gay" who was bound to appear, was William *P.* Gay.

2. ———— *Not a Contract; record evidence of existing debt.* A recognizance is not a contract between individuals to which the statute of frauds will apply. It is an acknowledgment of record of a preexisting debt owing by the cognizors to the State, not as sureties but as principals.

3. ———— *Appearance-day omitted, not void.* A recognizance requiring a defendant to appear "at the next term of the district court" of the proper county, but which does not designate any particular day of such term, or of the month, on which he is to so appear, is not void. In such case the defendant is bound to appear on some day during the said "next term," and when he does so appear he is bound to remain until permitted to leave by order of the court.

*Error from Shawnee District Court.*

THE county attorney of Shawnee county brought suit upon a forfeited recognizance to recover the penalty

therein mentioned.    The petition set forth the recognizance in full, in words and figures following :

" WE, William P. Gay, Peter Le Page, and William T. Gay, are held and firmly bound unto the State of Kansas in the sum of five hundred dollars, lawful money of the United States.    The condition of this obligation is such that if the above bounden William Gay shall be and appear at the next term of the district court, to be holden in the county of Shawnee, there to answer the charge of grand larceny, and not depart the court without leave, then this obligation to be void, otherwise to remain in full force and effect.                       WILLIAM P. GAY,
    " TOPEKA, July 30, 1869.          PETER LE PAGE,
                                                    WILLIAM T. GAY.
    " Taken and acknowledged before me, and sureties approved, this 30th day of July, 1869.
             " WILLIAM V. BARR, *Justice of the Peace.*"

The petition alleged that William *P.* Gay was, on the 14th of July, 1869, charged on the oath of one F. L. with the crime of grand larceny; that he was duly arrested, taken before Wm. V. Barr, a justice of the peace, to answer to said charge, and that he, the said Wm. *P.* Gay, did then and there waive a preliminary examination thereon, whereupon said justice ordered that said Wm. *P.* Gay give bail in the sum of $500 for his appearance, etc.; and that thereupon the said defendant, with Peter Le Page and William *T.* Gay, entered into a recognizance, etc., (reciting the terms thereof, as above;) that the " said *William Gay* named in said condition is the same person hereinbefore mentioned as William *P.* Gay," etc.    The petition further shows that the " next term " of the district court held subsequently to said July 30, 1869, was the December Term, 1869; that said recognizance was duly filed in said court; that the defendant William *P.* Gay did not appear on the first day of said term, nor on any day thereof, but made default, etc.; that on the 6th of December, said defendant and his said sureties were

duly called, etc., and said recognizance was forfeited, and the forfeiture thereof duly entered of record, etc. Judgment was demanded against all the defendants for said sum of $500 and costs. The defendants demurred, alleging "that the said petition does not state facts sufficient to constitute a cause of action against these defendants, or either of them." The case was heard at the July Term, 1870. The district court overruled the demurrer, and the defendants not desiring to answer over, j··d··ment was given in favor of the State. The defend.. ., ..ring the case here, assigning as error the overruling of their demurrer.

*G. C. Clemens*, for plaintiffs in error:

1. ᵀʰ ᵊ petition, on which judgment was rendered in the di..._.ct court, did not state sufficient facts to constitute a cause of action, because the recognizance on which the petition was based is void for uncertainty. *Two* " William Gays " are named in the obligatory clause, and the condition of the recognizance is the appearance of " the above bounden William Gay." This is a clear case of patent ambiguity—and hence no extrinsic evidence can be admitted to explain it. *Starkie on Ev.*, 591, 593; 4 Ill., 254; 1 Mason's C. C. R., 9; Bald. C. C. R., 489; 1 Cond. S. C. R., 197; 1 Johns. Ch. R., 233; 35 Eng. C. L. R., 163; Walk. Am. L., 609; 3 Dallas, 415.

This instrument must be strictly construed. The sureties must be made liable upon the *exact letter* of the recognizance or not at all. This rule is firmly established. 5 Ohio, 214; 15 Pet., 208; 17 Wend., 180, 422: 4 Kas., 570. An executor's bond was given in case of *James* L. Finley, deceased, instead of *Joseph* L. Finley; held that one can be held for default of another only when bound in writing: 20 Ohio, 97. The bond speaks for itself: 17

Ohio, 565.    The liability of a surety is not to be extended beyond its terms:  9 Wheat., 680, 702.    Action on a letter of credit;  held, parol testimony not allowed to prove what was intended:  4 Cranch, 224.

The court must construe the contract:  2 Pars. on Cont., 4, and note.    And the meaning must be ascertained from the terms or words of the recognizance, and without reference to external circumstances, or any inference whatever.    What is meant by the words, " *the above bounden William Gay ?* "    There are *two*—William P. Gay, and William T. Gay—entirely different persons, both named, and both " above bounden."

Where a middle letter is inserted in a name it becomes important, and · must be proved as laid: 19 Ohio, 423. And perhaps it is important when not inserted:  1 Pick., 388;  3 id., 262;  *State v. Hughes*, 1 Swan's, Tenn., 266 ; 4 Kas., 91.

Under the rule laid down in 19 Ohio, 423, if an indictment charged an offense against William P. Gay, and the proof showed that his name was only " William Gay," this would have been a fatal variance.    So here ;  the most that can be gathered is, that this recognizance was taken for the  appearance of " William Gay."    But this would not support a judgment on a petition which alleges a recognizance taken for  the  appearance of  William P. Gay.    But this recognizance is not for the appearance of William Gay merely, but for the  " *above bounden* "  William Gay—either William P. or William T., and  it cannot be ascertained which.    The instrument therefore is void.

The defect is not cured by § 154 of the  criminal code ; for the recognizance, under that section, must show who was its principal.    Nor is it helped by an  averment that William P. Gay was meant; the meaning of the contract

is a matter of law, and cannot be pleaded. Said § 154 provides that no action upon a recognizance shall be defeated, etc., " if it can be *ascertained from the recognizance*, that the sureties undertook that the defendant should appear before a court or magistrate for examination or trial for such offense." This limits the inquiry to the recognizance itself.

2. The petition does not set out any breach of the condition of the recognizance declared on. It avers that the parties were called and failed to appear on the 6th of December, which the court will take judicial notice was the first day of the term. But the letter of their recognizance did not require them to appear then, unless that was also the last day of the term. But it was not; for the petition says that they did not appear on the first nor on *any other* day of the term. Their failure to appear, therefore, on that day was no breach of the condition. 3 U..S. Dig., p. 324, § 148.

This is not disputing a record, but simply alleging that what is declared on as a matter of record does not show a breach. This is only entered on the minutes at any rate : § 152, Crim. Code. And they are no part of the record : 9 Johns., 287 ; 4 Barb., 36 ; 4 Wend., 409.

*Thomas Ryan*, county attorney, for the State :

1. The petition avers that the " William Gay," in the condition of the recognizance, and the William P. Gay, in the obligatory clause, are the same person, and that said William P. Gay is the principal. The absence of the initial of the middle name in the " William Gay " in the condition is an *apparent* defect—made apparent by the phrase " the above bounden "—and is cured by the statute : Crim. Code, § 154.

This case differs from the case in 4 Kas., 570. There

was no ambiguity, uncertainty or apparent defect in that case; the contract was clear, and explained itself. The alleged mistake could only be corrected by altering or contradicting the plain terms of the instrument. Here the defect is apparent on the face of the instrument itself, and extrinsic evidence is not invoked to contradict or alter terms which are plain and certain, but merely to *explain* that which the instrument itself shows to be a a mistake. And in this respect it is distinguished from the case in 20 Ohio, 93.

2. But plaintiff claims that this ambiguity is patent, and therefore extrinsic evidence is inadmissible to explain it, and hence the recognizance "is void for uncertainty." Parol evidence of conversations, etc., to prove *direct intention* is admissible to remove a latent ambiguity, and if evidence of contemporaneous *facts and circumstances* will remove a patent ambiguity it is admissible. 2 Pars. on Cont., 5th ed., pp. 459, 560, 561, and notes.

It may be shown which of two or more persons or things was intended by a description equally applicable to all. Unless the contract is incurably uncertain, it will be enforced. There is nothing better settled in the construction of *all written instruments* than the rule that that is sufficiently certain which can be made certain. If you can construe an instrument by parol evidence, where that instrument is ambiguous, in such a manner as not to contradict it, you are at liberty to do so. 2 Pars. on Cont., 563, note. A patent ambiguity in a deed may be explained by parol. 6 Mass., 440.

3. The rule that a contract of a surety must be strictly construed in no way conflicts with rules for determining what that contract is. Surely, in the case at bar, a court construing the instrument in the light of contempora_

neous facts and circumstances cannot mistake the intention of the parties.

Where the condition of the recognizance provided for the appearance of *John* Empie, and the instrument is signed *Sylvester* Empie, it is competent to aver and prove that Sylvester was the principal who executed the recognizance and was erroneously described in the body thereof as John Empie. 41 Ill., 456.

Where it was "James *W.* M'Callaster," in the obligatory part, and "James *Wesley* M'Callaster," in the condition, held the defect might be cured by averment and proof. *Kelly v. Hackett*, 10 Ind., 299.

Then why may not the defendent in error aver and prove that William *P.* Gay was the principal who executed the recognizance, and was erroneously described in the condition thereof as William Gay? That he was correctly described in the obligatory part affords no answer, surely.

4. The second objection urged by plaintiff in error, that "the petition does not set out any breach of the condition of the recognizance declared on," is equally untenable. The condition was for the appearance of Gay "at the next term of the district court." As a matter of law he was bound to be present at the next term—*the whole term*, the first day and every day thereafter, unless sooner discharged. *Wilson v. The State*, 6 Blackf., 212; Crim. Code, Gen. Stat., 844, § 154.

The opinion of the court was delivered by

KINGMAN, C. J.: The district court overruled the demurrer to the petition, and gave judgment against the defendants. The objection urged against the correctness of this judgment is, that it appears from the recognizance

sued on that there are two of "the above bounden" of
the name of *William Gay*, and it cannot be told from the
recognizance which one is meant. The allegations of the
petition show that it was William *P.* Gay that was bound
over by the justice of the peace; that he is the one who
was charged with larceny, and, having waived an exam-
ination, held for further trial thereon in the district court.
The petition makes profert of the recognizance, and
makes it a part of the petition. A good cause of action
is stated, if evidence is admissible, outside the recogni-
zance itself, to show that William *P.* Gay was the party
accused, and for whom the recognizance was given. The
evidence, if admissible at all, is record evi-
dence, being the proceedings before the justice
in the case. This question is decided in the

1. RECOGNIZANCE; ambiguity in, may be ex- plained by oth- er parts of the record.

case of *O'Brien v. The People*, 41 Ill., 456. The accused
in that case was described in the body of the recogni-
zance as *John* Empie, and the recognizance was signed
by *Sylvester* Empie. It was contended by O'Brien, his
bail, that the recognizance was for the appearance of
*John* Empie, and the recognizance forfeited for the non-
appearance of *Sylvester* Empie would not authorize a
judgment against O'Brien; but the court held that un-
der proper averments in the *scire facias* it might be shown
*aliunde* that "Sylvester" who signed the instrument was
the same who was described in the body thereof by the
name of "John." To the like effect are the cases of
*Graves v. The People*, 11 Ill., 542, and *Garrison v. The
People*, 21 Ill., 538. In none of these case is any princi-
ple stated in accordance with which the decision is made.
In Massachusetts, after forfeiture, the record of the ex-
amining court was amended and corrected by making up
a more extended record of the facts and circumstances

26

Gay v. The State.

of their proceedings from their minutes, and upon *scire facias* on such extended record it was held that this proceeding of the police court was not irregular, and the *scire facias* was sustained : *Com. v. McNeill*, 19 Pick., 127. These cases sustain the decision of the court below, and we apprehend it will not be difficult to sustain it on principle.

A recognizance is defined by Blackstone to be " an obligation of record which a man enters into, before some court or magistrate duly authorized, with condition to do some particular act; as, to appear at the assizes, to keep the peace, or the like." It does not, like a bond, create a new debt, but is the acknowledgement of a precedent one; 2 Bl. Com., 341; when carried into the record it becomes a part of it; 4 Bl. Com., 253.   At common law recognizances were taken by the court or magistrate taking the same stating to the bail the obligation entered into, and its condition, to which they assent.   A minute is made of this act at the time, from which a formal record is prepared, which is filed in the court where the party is bound to appear, and thus becomes a part of the record.   In this State all recognizances must be signed by the parties to be bound thereby : Crim. code, § 136;   but while the manner of taking them is changed, the characteristics remain the same.   They are still *records;* and so is the warrant on which the party was arrested who is admitted to bail, and the certificate of the fact of the prisoner's being admitted to bail : Crim. code, § 41.   So that the same act that makes the recognizance part of the records of the court, makes also the proceedings on which it is based a part of the record.   Therefore, in the case at bar, the admissibility of the testimony to show that William *P.* Gay was the person for whose appearance the

2. Recognizance, not a contract, but record evidence of a debt.

recognizance was given would not be the admission of parol testimony to explain a patent ambiguity, as is claimed by counsel for plaintiffs in error, but explaining one part of the record by another. We may observe that most of the cases cited by plaintiff in error to show that the liability of sureties is limited to the exact letter of the bond, and if the words of the bond will not make them liable nothing can, are based upon the reason that the defendants in those cases are sought to be charged for the default of others; and by positive law, what is commonly called the statute of frauds, this can only be done when the obligation is in writing; and as *sureties* they must be brought strictly within the terms of the obligation before they can be charged. But this statute of frauds has never been held to apply to *recognizances*, for until within a few years they were not signed at all; and the bail are not sureties for a debt or tort of another. As we have seen, they acknowledge a pre-existing debt which they owe the State, not as surety for the accused, but for themselves. *Bail* is " a delivery or bailment of a person to his sureties, upon their giving (together with himself) sufficient security for his appearance, he being supposed to continue in their friendly custody, instead of going to jail." 4 Bl. Com., 297; 2 Hale's Pl. Cr., 15, §§ 2, 3. A similar idea as to the alleged criminal being in the custody of his bail is found in our statutes, for they may arrest and surrender him without a warrant: Crim. code, § 148. Therefore a recognizance is not a contract between individuals to which the statute of frauds will apply; neither is it a contract of any kind.*

[ * In *United States v. Van Fossen*, 1 Dil. Cir. Ct. R., 406, Mr. Justice DILLON says— "The recognizance is *a contract* between the cognizors and the government of the United "States, that, if the latter would release the principal cognizor from custody, the for- "mer would undertake that he should personally appear at the specified time and place "to answer the indictment." But *quere*, whether the cognizors "*undertake*" that the principal shall appear." Are they bound *to secure his appearance?* Are they not rather

It is an acknowledgment of record of a debt that may be discharged by the performance of the condition thereunder written, or it still remains a debt. If the recognizance is obscure, it may be examined by other parts of the record. See *Com. v. McNeill*, supra. Without raising on the demurrer the question so ably discussed by the counsel for plaintiffs in error, whether parol proof may be introduced to explain a patent ambiguity, resting on the authorities cited, and the liberal rule of our code, (crim., § 154,) we are of the opinion that the decision of the court below overruling the demurrer must be sustained.

Another question was raised in the argument, which demands attention. The recognizance does not mention 3. Recognizance; any day of the term at which Gay was to when defen-dant to appear. appear. This was an oversight of the justice, but it did not vitiate the recognizance. At most it only allowed him to appear at any day of the term; and when he did appear he was to remain till permitted to leave by order of the court. The petition states that he did not appear on the 6th day of December: There is nothing in the records, nor within judicial knowledge, that that was not the last day of the term; and if it was, then if Gay had appeared at all, he was bound to remain. So that the demurrer did not reach this error. It is an irregularity that is probably covered by § 154, of the criminal code, and healed by its provisions.

The judgment of the district court is affirmed.

All the Justices concurring.

---

bound for themselves, as principals, that, if he do not appear, they will pay to the government a certain debt of their own, which they contracted to pay if the accused should fail to appear ? The cognizors may *produce* the party indicted, and so prevent the contingency upon which their debt becomes due; but can they be *compelled* to produce him, even if they have it in their *power* to do so ? If the contingency occur, and the recognizance is forfeited, are the cognizors sued because they *did not produce the accused*, or are they sued for the *debt* which they had " acknowledged THEMSELVES to owe?"—
REPORTER.]