EDWARD INGRAM, *et al.*, v. THE STATE OF KANSAS.

1. RECOGNIZANCE; *Sufficiency of; Sureties; Christian Names; Initials.* An instrument in writing, purporting upon its face to be a criminal recognizance, and executed as such, is not void as to those executing it, although it be in form a penal bond, be signed and executed by the sureties only, and not by the principal, and contains the initials only of the christian name of the principal.

2. ————— *Execution of Instrument; Proof of.* Where the plaintiff properly alleges the execution of a criminal recognizance, and the defendant does not deny the same by an answer, *verified by affidavit,* no question can be otherwise raised as to the due execution of a recognizance.

3. DEFAULT OF PRINCIPAL; *Proceedings; Record.* Where the principal fails to appear at court as required by a criminal recognizance, the failure to *call* the sureties, or to *enter* the default of the principal on the records, will not defeat an action brought on the recognizance.

4. ANSWER—*General Denial; What it puts in Issue.* In an action upon a recognizance where the plaintiff alleged a default on the part of the principal, but did not allege that the default was ever made a matter of record, and the defendant in his answer denied generally all the allegations of the plaintiff's petition, *held,* that the answer put in issue all material averments of the petition except the execution of the recognizance, and that the court below erred in sustaining a demurrer to such answer.

*Error from Washington District Court.*

ACTION in the name of *The State* upon a recognizance taken in a criminal case to recover the amount of the penalty. The petition alleged that one Daniel A. Ingram had been brought before a justice of the peace on a charge of grand larceny, had waived his right to a preliminary examination on said charge, had been required to give bail in the sum of $500 for his appearance to the district court, etc., and in default of bail had been committed; that afterward the defendants *Edward Ingram, J. C. Hebbard,* and *J. B. Snider,* as sureties for said Daniel A. Ingram, entered into a recognizance, which was taken and approved by the 'sheriff, and upon which said Daniel was discharged from custody; that said Daniel failed to appear as 'by said recognizance he was required to do, and "having been three times solemnly

called," and still failing to appear "his said recognizance was then and there by the court declared forfeited." The recognizance sued on is as follows:

"STATE OF KANSAS, COUNTY OF WASHINGTON, ss.: Know all men by these presents that we, D. A. Ingram as principal, and Edward Ingram, J. C. Hebbard, J. B. Snider as sureties, are held and firmly bound unto the state of Kansas in the penal sum of $500 lawful money of the United States, for the payment of which well and truly to be made we bind ourselves, our heirs, administrators, and executors, firmly by these presents, upon default being made in the condition following, to-wit: The condition of this recognizance is such, that if the above bounden D. A. Ingram shall personally be and appear before the district court of the 12th Judicial District, sitting in and for the county of Washington, state of Kansas, at its next term to be holden in and for the county aforesaid, then and there to answer to the charge of grand larceny, and abide the judgment of the court, and not depart the same without leave, then this recognizance to be null and void, otherwise to be and remain in full force and effect in law.                    EDWARD INGRAM,
                          J C. HEBBARD,
                          J. B. SNIDER."

"The foregoing recognizance taken, and sureties approved, this 15th of September, 1871.
                    "A. J. LEAVERING, *Sheriff.*"

The answer of the defendants is sufficiently stated in the opinion. The county attorney demurred to the answer, and the district court at the August Term 1872 sustained the demurrer, and gave judgment for the amount stated in the recognizance, and costs. Defendants excepted, and now bring the case here on error.

*Joseph Sharpe*, for plaintiffs in error:

The state having demurred to the answer of the defendants the demurrer reaches back and attacks the first defective pleading. Does the petition set forth facts sufficient in law to constitute a cause of action in favor of the state and against the defendants? Is the instrument sued upon a "recognizance?" (See Gen. Stat., 830, 842, §§ 62, 63, 136.) In our

criminal code it is always a "recognizance," to be taken by a magistrate or judge, and never a "bail-bond" as many of the states permit and direct a sheriff to take of criminals in certain cases. A recognizance as understood in law is an acknowledgment of record that the party making it *owes* and *is indebted* to the state in a certain sum of money. A penal bond is an agreement or undertaking to pay a penalty for the failure to do or not to do a certain specified act or thing: 36 Barb., 432; 5 Kas., 565; 3 Ohio St., 515. The instrument sued upon is only a penal bond, in which it is stipulated that, "We, D. A. Ingram as principal, and Edward Ingram, J. C. Hebbard and J. B. Snider as sureties, are held and firmly bound to the state of Kansas in the penal sum of $500, to be paid upon the condition that the above *bounden* D. A. Ingram shall fail to be and appear at the next term of the district court to be holden in said county of Washington," etc. It will be observed that D. A. Ingram never subscribed his name to said bond, nor was he *bound* in any way to personally appear at said district court. (4 Kas., 570.) A recognizance must be construed strictly: 18 Barb., 312; 8 Barb., 667. If the said bond did not bind D. A. Ingram (and never having signed his name to it he could not be bound,) it was a nullity. If this was not such a recognizance as our statute requires, and taken before some officer authorized by our law to take a recognizance, it is void, and the court erred in sustaining it upon demurrer.

The petition does not allege any proper breach of the condition of the bond sued upon. It alleges that "D. A. Ingram" made default upon being called in said district court; and this is the breach by which it is sought to recover judgment against these defendants. It does not allege that these defendants or either of them were called and made default. It does not allege that these defendants were in any manner liable for any breach of the said bond: Crim. code, § 136; *State v. Crippen*, 1 Ohio, 339; 8 Barbour, 667; 1 Blackf., 559. Sec. 136 of our criminal code requires that a recognizance must be in writing and subscribed by the parties to be bound

thereby; and § 62 specifies who shall take recognizance when the prisoner is in jail. The whole criminal code contemplates that the party charged with crime must subscribe the recognizance in order to be discharged from custody. 21 Barb., 220.

The district court sustained the demurrer to the answer of defendants. The answer sets up the fact that the bond sued upon was not signed, delivered or acknowledged before any officer authorized by law to take a recognizance in this state. (5 Kas., 565.) It is the acknowledgment that gives validity and effect to a recognizance. There is no pretense in this case that there was any acknowledgment of any of these defendants before any officer authorized to take the same. This question was put directly in issue by the answer of the defendants. Again, the answer denied that there was any such record as charged or alleged in the petition; and it alleged that defendants were never called or defaulted; and the record nowhere shows that D. A. Ingram was in custody or under any obligation to give any recognizance. The answer further alleged that D. A. Ingram never subscribed his name to the bond; and the answer contained a general denial of all the averments of the petition.

The bond sued on is void for uncertainty. It reads, "if the above bounden *D. A.* Ingram, as principal, shall appear." Who is "D. A. Ingram, as principal?" No designation is given. It may be David, Darius, Daniel, or any other Ingram that happens to have "D." for the initial of his given name. Just so of *J. C.* Hebbard, or *J. B.* Snider. What charge did he undertake to answer? The name of no state or person is given as having any charge against him. The bond has no date, and does not show when or where the obligor was to appear at the next term of district court. (3 Kas., 570; 2 Greenl. Ev., 275, § 275.) Residence of the obligors must be stated, and it must appear that they reside in the state.

41—10 KAS.

*J. W. Rector,* county attorney, for The State:

The answer of defendants sets no valid defense to the action. The bond or recognizance is sufficient. The principal need not sign the bond. (Crim. code, §§ 153, 154; 2 Bouv. Law Dic., title, *Recognizance;* 9 Mass., 520; 4 Vt., 488.) The statute requires the sureties to be sufficient in the aggregate, of themselves, independent of the principal; and it is clear that when it says the bond shall be signed "by the parties to be bound thereby," it means only those who are bound to pay in case of a forfeiture; and not those who are bound to appear. The bond was of record, and it shows on its face, by the attestation of the sheriff, that he took it and approved the sureties. But the defendants allege that the bond was not taken in the presence of a proper officer, nor acknowledged. It is submitted that under § 154 of the criminal code it is not essential that a bond be signed, acknowledged and delivered in the presence of the officer taking the same. Sec. 143 of said code provides that the officer "may take the bail and discharge the person;" and § 154 expressly provides that, as far as the execution of the bond is concerned, it is sufficient if "it can be ascertained from the recognizance that the *sureties undertook* that the defendant should appear," etc. It cannot be denied that this can be clearly ascertained from this recognizance.

A sheriff holding a person under a mittimus may take the bail and discharge the person. (Criminal code, § 143.) It is not denied that in this case the officer holding said D. A. Ingram under an order of commitment, with the proper indorsement thereon, took the required bail and discharged the prisoner. Nor is it necessary that the sureties in a bond should be called before forfeiture; nor that the court should declare the same forfeited; nor that the court should order the county attorney to sue upon the bond. Crim. code, §§ 65, 152, 153, 155.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on an instrument in writing claimed to be a criminal recognizance. The action was brought by the county attorney of Washington county in the name of the State against Edward Ingram, J. C. Hebbard and J. B. Snider, who appear to have executed the said instrument in writing as sureties for the appearance of D. A. Ingram at the next term of the district court of said county to answer to the charge of grand larceny. The defendants (now plaintiffs in error) claim that the said instrument is void upon its face for the following reasons : First, said instrument is not in form a recognizance, but is in form merely a penal bond; second, said D. A. Ingram did not sign or execute said instrument; third, the initials only of the christian name of said D. A. Ingram are given in said instrument, his full christian name not being given.

We think the said instrument is sufficient as a recognizance, notwithstanding these supposed defects. The instrument purports upon its face to be a recognizance. It was given by the parties as such. The parties call it such in the instrument itself, and it was taken and approved by the officer as such. It is true, that that portion of the instrument which contains the obligation is in the form of a penal bond, and not in the form of a recognizance. It is true, that that portion of the instrument seems to create a new debt or obligation as a penal bond does, and is not the acknowledgment of a pre-existing debt, as a recognizance is; but this is such an immaterial difference that the instrument cannot be declared void under our statutes merely for that reason: (criminal code, § 154.) The defendants signed and executed this instrument, and it was not necessary in order to bind them that D. A. Ingram should have signed or executed it. The instrument is not void because the initials only of the christian name of D. A. Ingram are used. (*Ferguson v. Smith & Dunham*, ante, 396.) We therefore think said instrument is sufficient as a recognizance under our stat-

1. Recognizance. Sureties; names of parties; initials.

utes, and that it may properly be called a "recognizance."

The execution of said recognizance was properly alleged in the petition in the court below, and was not denied by an answer verified by affidavit, and therefore no question can be raised as to the due execution of the recognizance: (civil code, § 108; *Reed v. Arnold,* ante, 102; *Mo. R., Ft. S. & G. Rld. Co. v. Wilson,* ante, 105.) We think the petition in the court below states sufficient to constitute a cause of action. It is true, as is claimed by plaintiffs in error, that the petition "does not allege that the defendants or either of them were called, and made default;" but it does allege that D. A. Ingram, (the only person who was required by the recognizance to appear at court,) was duly called, and that he made default. It is also true that the petition does not allege that the default of D. A. Ingram was ever made a matter of record. But notwithstanding these omissions we think the petition is sufficient. It was not necessary to call the sureties on the recognizance; and the failure of the clerk to enter the default of D. A. Ingram will not defeat any action on the recognizance. (Criminal code § 154.)

*2. Proof of execution of recognizance.*

*3. Default of principal. Proceedings.*

The defendants filed an answer to the plaintiff's petition denying generally all the allegations thereof, and setting up some other matters of defense. The plaintiff demurred to the answer on the ground that it did not state facts sufficient to constitute a defense to the plaintiff's action. The court sustained the demurrer and rendered judgment on the pleadings for the plaintiff. This was erroneous. The general denial of the defendants was a good defense to the plaintiff's action. While it could not of course put in issue the execution of the recognizance, as the answer was not verified by an affidavit, yet it did put in issue the fact whether D. A. Ingram made default or not. If Ingram appeared at court, as required by the recognizance, then of course no cause of action ever accrued against the defendants. This fact was put in issue by the pleadings, and could be determined only

*4. Answer—general denial. What is put in issue.*

by a trial upon the evidence. The judgment of the court below is reversed and cause remanded with the order that the demurrer to the answer be overruled, and for further proceedings in accordance with this opinion.

All the Justices concurring.

---

ANOTHER case between the same parties (except that the action below was upon another recognizance,) was brought to this court, and heard and decided with this case. In said cause the opinion of the court is as follows:

VALENTINE, J.: The questions involved in this case being precisely the same as those involved in the case of *Ingram, et al., v. The State,* just decided, the decision and judgment will be the same as in that case.

All the Justices concurring.