GEO. W. BARKLEY, *et al.*, v. THE STATE OF KANSAS.

1. PETITION; *Sufficiency, When and How to be Questioned.* Where the question of the sufficiency of a petition is raised for the first time by an objection to the introduction of any evidence under it, and not raised otherwise, courts will always construe the allegations of the petition very liberally so as to sustain the petition if it can be sustained; and if anything should intervene between the filing of the petition and the final rendering of the judgment, which could, by a fair and reasonable interidment, be construed to cure the defective allegations of the petition, the courts will hold that such defective allegations are thereby cured.

2. ———— Therefore, where the petition alleges and shows that the instrument sued on was an obligation of the defendants, in the form of a criminal recognizance, taken by a justice of the peace on a preliminary examination in a criminal proceeding, requiring the appearance of one of the defendants at the next term of the district court to answer to the charge of embezzlement, and designated the instrument as a "recognizance," and alleged that the defendants were at the said next term of the district court "three times solemnly called but came not, and made default, and thereby forfeited their recognizance;" and where the evidence clearly shows that not only the recognizance, but all the other papers connected with said preliminary examination were duly filed in the district court before said default or forfeiture occurred, and long before the suit on the recognizance was commenced, and no objection was made in the district court to said petition for insufficiency except by objecting to the introduction of any evidence under it, *held*, that the supreme court will not reverse the judgment of the district court ren-

dered in favor of the plaintiff and against the defendant on said recognizance, merely because said petition did not in terms allege that said recognizance had ever been filed in the district court.

3. NAME OF DEFENDANT; *Variance.* Where the petition alleges that the defendant G. W. Barkley as principal, and the defendant Geo. Patterson as surety, executed the recognizance sued on, and that they made default in not complying with the conditions of their recognizance— the petition giving a copy of the recognizance in full; and the record of the subsequent proceedings in the case shows that the defendant Barkley made his appearance in the case both under the name of "G. W. Barkley," and "George W. Barkley," and the record of the default and forfeiture shows that "George Barkley" as principal and George Patterson as surety made the default; and the recognizance is so described in said last-mentioned record — the date, the amount, the name of the justice before whom the recognizance was taken, the parties thereto, and other matters descriptive thereof being. given — that there can be no possible doubt but that the persons who executed the recognizance, and who are now sued thereon, made the default charged against them, *Held,* that the variance in the name of the defendant, Barkley, as stated in the petition, and as stated in the record of said default, is not material.

4. DEFAULT; *Recognizance; Entering of Record; Pleading.* It is not necessary, in a suit upon a forfeited recognizance, that it should be shown that the default or forfeiture was ever in fact entered of record. (*Ingraham v. The State,* 10 Kas. 630.) The material question in such a case is, whether a default was actually made or not. And therefore, an answer that merely alleges that there is *no record* of such default, or forfeiture, states no defense.

## *Error from Bourbon District Court.*

ACTION brought by the county attorney, in the name of *The State,* as plaintiff, against *G. W. Barkley* and *George Patterson,* upon a forfeited recognizance. The petition filed was as follows:

(*Title.*) "The plaintiff herein. complains of G. W. Barkley and George Patterson defendants, and for cause of action says, that said defendants on the 26th of November 1872, entered into an obligation with said plaintiff in the words and figures following, that is to say:

STATE OF KANSAS, COUNTY OF BOURBON—*In Justices court, before Wm. Margrave, Esq., J. P.*

THE STATE OF KANSAS }
against          } *Charge of Embezzlement.*
G. W. BARKLEY.   }

We, G. W. Barkley as principal, and Geo. Patterson as surety, of Bourbon county, acknowledge ourselves to owe and be indebted unto the state

of Kansas in the sum of one thousand dollars, to be levied of our and each of our goods and chattels, lands and tenements, if default be made in the condition following, to-wit: Whereas, the above-named defendant, G. W. Barkley, has been brought before the undersigned, a Justice of the Peace of said county, charged with having at said county of Bourbon on the 29th of October 1872 fraudulently embezzled and converted to his own use, the sum of $2,800 of the money of his employers, to-wit, The Missouri, Kansas & Texas Railway Company: And whereas, said Justice having held a court for the examination of said defendant on said charge, and having found that said offense has been committed, and that there is probable cause to believe said G. W. Barkley guilty of committing the said offense, has required said defendant to give bail in the above-mentioned sum for his appearance to answer said charge: Now therefore, the condition of this recognizance is such, that if the said G. W. Barkley shall personally appear before the district court of Bourbon county, at the next term thereof, to be held at the court-house in the city of Fort Scott, in said county, on the first day of said term, then and there to answer the charge aforesaid, and to abide the order of said district court in the premises, and not depart said court without leave, then this recognizance to be void, otherwise of force.

G. W. BARKLEY.
GEORGE PATTERSON.

Subscribed and acknowledged before me, and taken and approved by me, this 26th day of November 1872. WM. MARGRAVE, Justice of Peace.

"And plaintiff further avers that the said G. W. Barkley was legally in custody, charged with the crime of embezzlement, and was discharged from said custody by the reason of his giving said recognizance; and that at the December Term 1872 of said district court for the said county of Bourbon, the same being the next term thereof, on the fifth day of said term, to-wit, on the 13th day of December 1872, the said cause being called for trial, the said G. W. Barkley being three times solemnly called in open court came not, but made default therein, and the said George Patterson being three times solemnly called in open court, and ordered to bring the body of the said G. W. Barkley into court as by the terms of their said obligation he was bound to do, answered not, but made default therein, and it was thereupon ordered and adjudged by the court that said recognizance be forfeited, wherefore the plaintiff prays judgment against said defendants for the sum of one thousand dollars, and the costs of this action."

The pleadings and proceedings on the part of defendants, are sufficiently stated in the opinion, *infra*. Trial at the September Term 1873 of the district court, C. W. B., judge *pro tem.* presiding. The findings and judgment, appearing in the record of the trial, are as follows:

"And the court having heard all the evidence introduced,

and being fully advised, finds as follows, to-wit: That the recognizance sued upon herein, is good and valid in law: That the forfeiture of the said recognizance is in due form, and properly and legally entered. The court further finds that there is due the plaintiff from the defendant on the forfeiture of the recognizance set out in plaintiff's petition, the sum of $1,000.

"It is thereupon considered, ordered and adjudged, that the plaintiff have and recover of and from the defendants G. W. Barkley and George Patterson the said sum of $1,000 so as aforesaid found due, together with its costs of this action expended, to be taxed."

From this judgment the defendants appeal, and bring the case here on error.

*R. H. Galloway,* and *W. C. Stewart,* for plaintiffs in error:

1. The petition filed in the court below does not state facts sufficient to constitute a cause of action against plaintiffs in error. An action on a recognizance is in contemplation of law an action on a *record,* and must be declared on as such. (7 Massachusetts, 209; 4 Wendell, 393; 10 Wendell, 472.) The state should therefore have averred and shown in its petition that a memorandum of the proceedings had before the justice, including the recognizance, was duly certified by the justice to the district court, and that it was there filed by the clerk of said court, all of which is prerequisite to the legal existence of a record in said court—a fact indispensable to constitute a cause of action in such case, as well as to the proper averment of the same in such petition. Crim. Code, § 144. It does not appear from the petition that there was any record or certificate of the proceedings had before the justice, or of the recognizance, existing in the court where the petition was filed, at the time of the alleged forfeiture of the recognizance, or at the time of the institution of this action. The petition fails to show that the district court was in possession of the case at the time of the alleged forfeiture, and it utterly fails to allege any record on which said action could be brought. (14 Ill. 312.) The record alone constitutes the basis upon which the state may proceed in this class of

actions, and such record must therefore be averred in the petition. (7 Kas. 402; 7 Mass. 210.) But the defendant in error may seek shelter under § 145 of the criminal code, which, although it very much relaxes the rule in relation to recognizances so far as the *irregularity* of the acts of the justice or officer taking the recognizance is concerned, yet cannot be so construed as to relieve the pleader from stating such facts as will show the *existence* or fact of a filing of the transcript duly certified by the justice, and the filing or record of the recognizance in the court to which the defendant is recognized to appear, *at or before* the declaration of forfeiture, and the institution of suit to collect the penalty. Such a construction would not only nullify § 144 of said act, and render it utterly meaningless, but would remove all necessity for making a record in the district court of the proceedings of an examining court, and of recognizances taken out of court, and thus dispense with all that portion of the statute which is intended to put the court in possession of such cases, and of such jurisdictional facts as will authorize it to declare a forfeiture on default of the recognizors.

2. The court erred in permitting the plaintiff below to introduce any evidence in support of said petition on the trial of the cause over the objections of defendants that the petition did not state facts sufficient to constitute a cause of action. A party cannot be permitted to prove what he does not aver. He cannot be allowed to make another and different case by the introduction of evidence from that stated in his petition. He must stand or fall by the case he makes by his pleadings. The plaintiff averred in its petition substantially, that at the next term of the district court after the recognizance was taken, the action in which the defendant "George W. Barkley" was recognized to appear, was called, and that said George W. Barkley was called, as was George Patterson his surety, and that both making default their recognizance was forfeited. The defendants answered separately. Both pleaded *nul teil record*, as to the recognizance and the forfeiture thereof, to which Barkley adds a general denial of the entire peti-

Barkley v. The State.

tion. Upon the issues thus formed the plaintiff below offered in evidence on the trial a journal entry or record, purporting to be an entry of a forfeiture of a recognizance of *"George Barkley"* and George Patterson, while the petition described the parties therein referred to as *"George W. Barkley"* and George Patterson. The plea of *nul teil record* put in issue the existence of the identical record and journal-entry set out and *described* in the petition. The defendants objected to the introduction of the record offered on the ground of variance, and on the further ground that the evidence offered did not support or tend to prove the allegations of the petition. The journal-entry offered was clearly not the record declared on, but *another and different one,* and therefore incompetent. A record such as that in question must be strictly proved as alleged: 2 Paine C. C. 209; 27 Miss. 473; 14 Ark. 672; 7 Conn. 434; 3 Barb. 279. The variance was material: 1 Greenl. Ev. §§ 60, 64, 66, 70; 1 Minn. 87; 17 Ill. 482; 6 Ohio, 274; 7 Wis. 664; 2 Gray, 358; 6 Metc. 243. It certainly needs no argument to prove that *George Barkley* is not George *W.* Barkley. The want of identity is palpable, and a record of a judgment against *George* Barkley is no proof of an alleged judgment against George *W.* Barkley: 1 Pick. 388; 3 Pick. 262; 19 Ohio, 423; 41 Ill. 456. No amendment of the petition was asked for, and none could be made, as an amendment of the petition so as to confirm its allegations to the proof of forfeiture would necessarily have created a similar variance between the petition and the recognizance. The petition and recognizance described the Barkley in them mentioned as *George W. Barkley,* whilst the journal-entry of forfeiture offered describes the Barkley therein referred to as *George Barkley* in the title, and in every recital therein contained. There was therefore not only a material variance, but a failure of proof in general scope and meaning. Civil Code, § 135. There was no proof, and the record offered did not tend to prove the default of George *W.* Barkley, or the forfeiture of his recognizance, the most material allegation in the petition.

3. The defendants requested the court to make separate findings of the conclusions of law and fact, which it was on request bound to do. (Civil Code, § 290.) But the court utterly failed and refused to find conclusions of fact, whether George W. Barkley was discharged by reason of his giving the recognizance sued on, and whether George W. Barkley failed to appear in the district court at the term to which he was recognized. And it failed to find whether the principal recognizor, George W. Barkley, was in *legal custody* when the recognizance was given, and whether his recognizance was legally and duly forfeited.

*J. N. Binford,* county-attorney, for defendant in error:

The issues as made by plaintiffs in error admit the execution of the recognizance, and all it recites, to-wit, that Barkley was in legal custody; that he was charged with a public offense; that he was discharged therefrom by reason of the giving of said recognizance; that Patterson undertook that Barkley should appear before the district court at the December Term 1872; that the said recognizance was subscribed and acknowledged before and approved by the committing magistrate. Plaintiffs in error rest their argument entirely on the theory, that it is absolutely necessary that the state declare upon a *record* of the *district* court. This theory is not sustained either on principle or authority: Crim. Code, §§ 153, 154; 7 Kas. 402. The petition alleges that the said G. W. Barkley was legally in custody, charged with a public offense; that he was discharged therefrom by reason of the giving of the said recognizance. The recognizance is set out in *hœc verba,* and is made a part of the petition, and shows that the surety undertook that the defendant Barkley should personally appear before the district court for trial for such offense. That is sufficient. Crim. Code, § 154; 17 Ill. 174; 7 Kas. 394; 10 Kas. 581, 630. The petition further alleges, that the said Barkley wholly failed to appear, but made default.

It is true, that the plaintiff's cause of action is, in one sense

8—15 KAS.

of the word, a record; but the recognizance is that record; and §§ 153 and 154 of the crim. code shows that the recognizance is the cause of action *per se*. The defendants, by entering into and signing the recognizance, admit all the facts set out in the recognizance, and make their own record of the same. The jurisdiction of the justice, the legal custody, the charge of the offense, and the discharge of the defendant by giving the recognizance, and that the defendants were bound for the personal appearance of the said G. W. Barkley at the court therein mentioned. 41 Ill. 459. The *default* was not denied by the defendants' answers. The proof of default is shown by the entire record of the district court.

Barkley was arrested, examined, held to bail, gave his written recognizance, obligated himself to appear at court, and was discharged as *G. W.* Barkley. Suit was brought and service had in this action on *G. W.* Barkley. He appears by his attorneys, and answers in this action as *George* W. Barkley. There is but one Barkley in the entire proceedings, so there can be no confusion of names, and no doubt as to who is meant. The plaintiffs in error do not deny that default was made by *G. W.* Barkley on said recognizance. The journal entry of the default, by the oversight of the clerk of the court, described the said Barkley as "*George Barkley.*" If this supposed variance is not fully explained by the record, still the plaintiffs in error did not below, nor do they now, show how or in what respect they were misled or prejudiced. Civil Code, §§ 133, 140.

The opinion of the court was delivered by

. VALENTINE, J.: This was an action on a criminal recognizance. And while some of the proceedings on the part of plaintiff below (defendant in error) may not have been technically as exact as they might have been, yet we think no substantial error was committed by the court below.

It is objected that the petition below did not state facts sufficient to constitute a cause of action. This objection was made for the first time in the court below by objecting to the

1. Petition; how and when its sufficiency to be questioned. introduction of any evidence under it. Such an objection made at such a time and in such manner is never favored by the courts. (*Mitchell v. Milhoan*, 11 Kas. 617, 625, 626, and cases there cited.) Justice would be better subserved if the question of the sufficiency of the petition were always raised and determined before the commencement of the trial. Hence, where the question of the sufficiency of a petition is raised for the first time, and only by an objection to the introduction of any evidence under it, courts will always construe the allegations of the petition very liberally, so as to sustain the petition if it can be sustained; and if anything should intervene between the filing of the petition, and the final rendering of the judgment, which could by a fair and reasonable intendment be construed to cure the defective allegations of the petition, the courts will hold that such defective allegations are thereby cured. (See same case as above, and other cases there cited, and *Irwin v. Paulett*, 1 Kas. 418.) The only objection urged against the petition in this case is, that it does not in terms allege that said recognizance was ever filed in the district court as required by law. (See Criminal Code, §§ 41, 64, 144.) And therefore it is claimed that the petition does not show that said supposed recognizance ever became a *record*, or that it ever in fact became a recognizance; for, as is claimed, a recognizance is merely "an obligation of record." *Morrow v. The State*, 5 Kas. 566; *Gay v. The State*, 7 Kas. 394, 402; *The State v. Weatherwax*, 12 Kas. 463, 465.

The instrument sued on in this case was an obligation of the defendants below, in the form of a criminal recognizance, taken by a justice of the peace on a preliminary examination in a criminal proceeding requiring the appearance of the defendant Geo. W. Barkley at the next term of the district court to be held in Bourbon county, to answer to the charge 2. Uncertainty in pleading, how cured. of embezzlement. The petition designates this instrument as a "recognizance." It was in form a recognizance. And the petition further alleged that the said Barkley and his surety, the other defendant, George

Patterson, were at said next term of the district court three times solemnly called, but came not, and made default, and thereby forfeited their "recognizance." Now according to the theory of the plaintiffs in error, (defendants below,) they could not have made default, or forfeited their "recognizance," if the instrument sued on had not at the time of the supposed default and forfeiture been filed in the district court, for in that case it would not have been a "record," and therefore would not have been a recognizance, and therefore could not have been forfeited as such. But the petition does allege that the defendants did make "default," and did "forfeit their recognizance;" and therefore, if the theory of the defendants below is correct, the petition does allege inferentially and by implication that the instrument sued on had been filed in the district court, and had become a record, and a recognizance. This allegation would not of course have been considered sufficient if it had been attacked by a demurrer, or motion to make more definite and certain. But it is certainly sufficient under the circumstances of this case. It was cured by the evidence subsequently introduced, and by the findings and judgment of the court below. The evidence clearly shows that, not only the recognizance, but all the other papers connected with the preliminary examination, were duly filed in the district court before said default or forfeiture had occurred, and long before this suit was brought. It is doubtful however whether the theory of the defendants below is correct, and more doubtful whether any allegation of the filing of the recognizance is required. (Crim. Code, § 154.) But even if correct, and the allegation necessary, still the defective allegations of the petition were cured by the evidence, findings and judgment. The execution of the recognizance was not put in issue by any pleading verified by an affidavit, and therefore under § 108 of the civil code the execution of the recognizance must be taken as admitted. (*Ingram v. The State,* 10 Kas. 630, 636.) Whether the execution of the recognizance means, merely the execution of the same before the magistrate, or whether it means that and also the filing of

the same in the district court, we need not now determine. Probably under the pleadings in this case judgment should have been rendered for the plaintiff on the pleadings.

It is claimed that there was a substantial variance in the proof and the allegations of the petition. The alleged variance is, that the petition alleges that "G. W. Barkley" made 3. Name of default in not complying with the condition of defendant; variance. his recognizance, while the proof shows that it was "George Barkley" who made the default. Now the petition alleges that "G. W. Barkley" as principal, and George Patterson as surety, executed the recognizance sued on, and that they made the default, the petition giving a copy of the recognizance in full. The record of the subsequent proceedings in this case shows that the defendant Barkley made his appearance in this case both under the name of "G. W. Barkley" and "George W. Barkley;" and the record of the default and forfeiture shows that "George Barkley" as principal, and George Patterson as surety, made the default. And the recognizance is so described in said last-mentioned record, (the date, the amount, the name of the justice before whom the recognizance was taken, the parties thereto, and other matters descriptive thereof being given,) that there can be no possible doubt but that the persons who executed the recognizance, and who are now sued thereon, made the default charged against them. And all this may properly be shown, although slight differences in giving the name of some of the parties may occur in the different records. (*Gay v. The State*, 7 Kas. 394; *O'Brien v. The People*, 41 Ill. 456.)

But there are other reasons why the findings and judgment of the court below upon this particular matter should not be disturbed. The plaintiff alleged in its petition below that the defendants made said default. The defend-4. Default; forfeiture of ant Patterson did not in any manner deny this. recognizance. Pleading. Upon this point he simply alleged in his answer that there was *no record* of the default or forfeiture. Such an answer states no defense. It is not material in a suit upon a forfeited recognizance that it be shown that the default or

forfeiture was ever in fact entered of record. (Crim. Code, §154; *Ingram v. The State*, 10 Kas. 630.) The only material question in such a case is, whether a default was actually made or not. Of course, a record of every default should be made. (Crim. Code, §152.) But so also should a record of every compliance with the recognizance be made. (Crim. Code, §138.) But still the mere failure on the part of the clerk to make such record, would hardly interfere with the substantial rights of any party. The defendant Barkley was in default in this case for want of an answer to the plaintiff's petition. He therefore "asked and obtained leave of the court to file a similar answer to that filed for the defendant Patterson, and the same is [was] filed accordingly." The remarks already made with reference to the answer of Patterson will equally apply to this answer of Barkley, for the two answers are precisely alike. But afterward Barkley filed another answer. He filed his second answer without any leave of the court, or consent of the plaintiff. It contained a general denial of all the allegations of the plaintiff's petition. Whether the court below took any notice of this second answer or not, we cannot tell. Probably the court did not.

But there is still another obstacle in the way of the plaintiff in error, which obstacle will not only reach to the question now under consideration, but will also reach to every question which we may hereafter discuss in this case. It is not shown in any proper way that all the evidence that was submitted to the court below has been brought to this court. The record brought to this court is a transcript of the record of the proceedings of the court below. It is not a "case made" for the supreme court, nor a copy of any such "case made." And hence we can consider nothing therein contained except what properly belonged to or was made a part of the record of the proceedings of the court below. Now there is nothing in the *record* of the proceedings of the court below that shows that all the evidence has been preserved, or brought to this court. In the record

*Effect of record, where testimony not all preserved.*

brought to this court, with the other papers attached to the petition in error, we have the following: first, the proceedings which go into the record without any special order of the court; second, a bill of exceptions, ordered to be made a part of the record, and signed by the judge who tried the cause; third, then comes a certificate of the judge who tried the cause, who was merely a judge *pro tem.*, not embodied in a

Certificate of trial judge.

bill of exceptions, not ordered to be made a part of the record, not a journal entry, not any proceeding of the *court*, as a court, which certifies "that said bill of exceptions contains and refers to all the evidence offered on the trial of said action;" fourth, then comes the usual certificate of the clerk appended to such records. Such a certificate as the one signed by the judge is unknown to any practice of the law that we are acquainted with. (*Bartlett v. Feeney*, 11 Kas. 594.) And there is nothing except said certificate that pretends to show how much of the evidence was brought to this court. Now for the purpose of promoting justice, all courts are generally very liberal in construing irregular modes of getting cases into court, or irregular modes of presenting questions for the consideration of the court. But we are not aware that any court has ever felt itself bound to resort to far-fetched presumptions for the purpose of defeating justice. Therefore, where parties are attempting to defeat justice by mere technicalities, they ought to be careful to have the record of the proceedings made so technically exact that everything favorable to themselves should be affirmatively shown.

The special findings of the court we think are sufficient. It is true, the court might have entered into greater detail in stating the facts found, if it had chosen to do so. But as the

Findings of court.

plaintiffs in error did not point out any specific matters upon which they desired further or more definite findings to be made, and did not express any desire that the court should go into any greater detail in its findings, we think the findings as they were made are sufficient. Besides, as we have before said, it is probable that judgment

should have been rendered for the plaintiff on the pleadings; but as the pleadings of both the plaintiff and the defendants were defective, we do not now wish to decide that question. The evidence was amply sufficient to sustain the findings and judgment of the court below. The recitals of the recognizance, which were admissions on the part of the defendants, were of themselves sufficient evidence, *prima facie*, to show that Barkley was in legal custody when the recognizance was entered into.

The judgment of the court below is affirmed.

All the Justices concurring.