WILLIAM S. TILLSON v. THE STATE OF KANSAS.

1. RAPE, *Assault With Intent to Commit; Valid Complaint.* Philip Masterson was charged before Geo. M. Everline, a justice of the peace in and for Monroe township, Anderson county, Kansas, with the offense of assault with intent to commit rape. The complaint reads as follows:

   *"Before Geo. M. Everline, a Justice of the Peace in and for the County of Anderson, in the State of Kansas.*—The State of Kansas, Plaintiff, against Philip Masterson, Defendant.—Complaint for Assault with Intent to Commit Rape.—The State of Kansas, County of Anderson, ss.—J. N. Cline, being first duly sworn, deposes and says, that on the 10th day of July, 1881, at and in the county of Anderson and state of Kansas, Philip Masterson did then and there unlawfully, willfully and feloniously make an assault upon one Ruth Cline, then and there being, with intent, her, the said Ruth Cline, violently, forcibly, and against her will, then and there unlawfully and feloniously to ravish and carnally know; and deponent prays that process may be issued against the said Philip Masterson, and that he be dealt with according to law.        J. N. CLINE.

   "Sworn to and subscribed before me, this 29th day of July, 1881.

                                    "GEO. M. EVERLINE, *Justice of the Peace.*"

   *Held,* That although the complaint does not state in terms that Ruth Cline was a "female child or woman," that it must nevertheless be presumed from the name, "Ruth Cline," and from the use of the personal pronoun "her," and from the allegations in the complaint, that Ruth Cline was a female person upon whom the offense of assault with intent to commit rape could be committed; and therefore that the complaint is not void because of the failure to state in terms that Ruth Cline was a "female child or woman."

2. RECOGNIZANCE, *Unsigned by Accused, Not Void as to Surety.* The defendant Masterson, being arrested in pursuance of such complaint, and being brought before the justice, and being in legal custody, the case was continued; and thereupon the defendant Masterson was discharged upon the following recognizance, to wit:

   "The State of Kansas, Plaintiff, *v.* Philip Masterson, Defendant.— Before Geo. M. Everline, Justice of the Peace of Monroe Township, Anderson County, Kansas.—Whereas, the above-entitled action is this 29th day of July, 1881, continued to the 6th day of August, 1881, now, therefore, I, the undersigned, bind myself to the state of Kansas in the sum of three hundred dollars for the appearance of the said Philip Masterson

defendant, before the above-named justice of the peace, on said last-named date, at 9 o'clock A. M., for examination in said cause.

"WM. S. TILLSON.

"Approved by me, this 29th day of July, 1881.

"GEO. M. EVERLINE, J. P."

This recognizance contained the following, among other indorsements: "Assault with intent to commit rape." *Held*, That the recognizance is not void as to Tillson, because the defendant Masterson did not himself sign the recognizance.

3. RECOGNIZANCE, *Not Void as to Surety*. And *further held*, That the recognizance is not void as to Tillson because it does not state or describe the offense with which the defendant Masterson was charged; that although it would generally be better for a recognizance itself to state and show in definite and explicit terms the nature and character of the offense with which the accused is charged, yet where the recognizance fails to do so, but still shows, though indefinitely, obscurely and inferentially only, that the recognizance was given in a criminal case, and in a case in which the defendant was charged with the commission of a public offense, the recognizance will not be held to be fatally defective and void merely because of its indefiniteness in this respect, and especially so where the previous portions of the record show definitely, explicitly and in detail the nature and character of the offense with which the accused was charged.

### *Error from Anderson District Court.*

ACTION on a criminal recognizance. Judgment in the district court, September 13, 1882, against the defendant *Tillson*, who brings the case here. The facts appear in the opinion.

*W. A. Johnson,* and *H. L. Poplin,* for plaintiff in error.

*John S. Whitford,* county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a criminal recognizance. The recognizance, with the indorsement thereon, reads as follows:

*Before Geo. M. Everline, Justice of the Peace of Monroe Township, Anderson County, Kansas.*—The State of Kansas, Plaintiff, *v.* Philip Masterson, Defendant.—Whereas, the above-entitled action is this 29th day of July, 1881, continued to the 6th day of August, 1881, now, therefore, I, the undersigned, bind myself to the state of Kansas in the sum of three hundred dollars for the appearance of said Philip Mas-

terson, defendant, before the above-named justice of the peace, on said last-named date, at 9 o'clock A. M., for examination in said cause.                        WM. S. TILLSON.

Approved by me, this 29th day of July, 1881.

GEO. M. EVERLINE, J. P.

[Indorsed:] *Affidavit of Sureties.*—State of Kansas, Anderson County, ss.—I, the undersigned surety on the annexed undertaking, do solemnly swear that I am a resident of said county and state of Kansas; that I am worth three hundred dollars over and above all exemptions, debts and liabilities. So help me God.                        WM. S. TILLSON.

Subscribed and sworn to before me, this 29th day of July, 1881.                        GEO. M. EVERLINE, J. P.

State of Kansas *v.* Philip Masterson. Recognizance and adjournment. Assault with intent to commit rape. Filed July 29, 1881.— GEO. M. EVERLINE, J. P.

The complaint in the action in which this recognizance was given reads as follows:

*Before Geo. M. Everline, a Justice of the Peace in and for the County of Anderson, in the State of Kansas.*—The State of Kansas, Plaintiff, *v.* Philip Masterson, Defendant.— Complaint for an Assault with Intent to Commit Rape.—The State of Kansas, County of Anderson, ss.—J. N. Cline, being first duly sworn, deposes and says, that on the 10th day of July, 1881, at and in the county of Anderson and state of Kansas, Philip Masterson did then and there unlawfully, willfully and feloniously make an assault upon one Ruth Cline, then and there being, with intent, her, the said Ruth Cline, violently, forcibly, and against her will, then and there unlawfully and feloniously to ravish and carnally know; and deponent prays that process may be issued against the said Philip Masterson, and that he be dealt with according to law.                        J. N. CLINE.

Sworn to and subscribed before me, this 29th day of July, 1881.                        GEO. M. EVERLINE, J. P.

[Indorsed:] *Complaint.*—State of Kansas *v.* Philip Masterson. Assault with intent to commit rape. Filed July 29, 1881.— GEO. M. EVERLINE, J. P.

A trial was had in the case, in the district court, before the court without a jury, and judgment was rendered in favor of the plaintiff and against the defendant; and the defendant,

as plaintiff in error, now brings the case to this court. In the court below, everything was alleged in the petition and proved on the trial that was necessary to be alleged or proved in order to make out a good case in favor of the plaintiff and against the defendant; *provided*, the recognizance and the complaint above quoted are valid and sufficient. The petition and evidence showed that said complaint was made and filed; that a warrant was issued for the defendant; that he was arrested; that he was in legal custody; that the case was continued by Justice Everline, with the consent of the defendant; that the recognizance was then given for the purpose that he might be discharged from such custody; that by reason thereof he was so discharged; that he afterward committed a breach of the recognizance by failing to appear before the justice of the peace at the appointed time, according to the condition of the recognizance; and that the justice made a proper entry of the default, and duly certified the recognizance with the record of such default to the district court.

The plaintiff in error claims that the complaint above quoted, and all the proceedings following, are void, for the reason that neither the complaint nor any of the proceedings show that Ruth Cline was a "female child or woman;" that from anything appearing in the case, Ruth Cline may have been an "animal," or an "inanimate object, personified." We

1. Valid complaint.

think this claim is untenable. It must be presumed from the name, "Ruth Cline," and from the use of the personal pronoun "her," and from the allegations in the complaint, that Ruth Cline was a female person upon whom the offense of assault with the intent to commit rape could be committed. (*State v. Farmer*, 4 Ired. 224; *State v. Hussey*, 7 Iowa, 409; *Taylor v. The Commonwealth*, 20 Gratt. 825.)

We think that not only the complaint, but also the allegations of the petition and the evidence upon this point, were amply sufficient.

The plaintiff in error also claims that the recognizance is void for the following reasons: First, that the same was not

executed by Masterson, the accused; second, that the recognizance itself does not show that Masterson was charged with the commission of any offense. This recognizance was given under § 45 of the criminal code, which reads as follows:

"SEC. 45. Any magistrate may adjourn an examination or trial pending before himself, from time to time, as occasion shall require, not exceeding ten days at one time, without the consent of the defendant or person charged, and to the same or different place in the county, as he shall think proper; and in such case, if the party be charged with a capital offense, he shall be committed in the meantime; otherwise he may be recognized in a sum, with sureties to the satisfaction of the magistrate, for his appearance for such further examination; and for want of such recognizance, he shall be committed."

The other sections of the criminal code necessary for a correct understanding of the last two points raised by counsel read as follows:

"SEC. 136. All recognizances required, or authorized to be taken, in any criminal proceeding, or in any proceeding of a similar nature, shall be in writing, and shall be subscribed by the parties to be bound thereby. . . .

"SEC. 153. The prosecuting attorney may, at any time after the adjournment of the court, proceed by action against the bail upon the recognizance. Said action shall be governed by the rules of civil pleading, as far as applicable.

"SEC. 154. No action upon a recognizance shall be defeated, nor shall judgment thereon be arrested, on account of any defect of form, omission of recital, condition of undertaking therein, neglect of the clerk or magistrate to note or record the default of any principal or surety at the term or time when such default shall happen, or of any other irregularity, so that it may be made to appear that the defendant was legally in custody, charged with a public offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained, from the recognizance, that the sureties undertook that the defendant should appear before a court or magistrate for examination or trial for such offense."

The point that the recognizance is void because the accused did not sign the same, we think is not tenable. At common

law it was never necessary for any person to sign the recogni-

**2. Recognizance, unsigned by accused, not void.**

zance; and under the statutes it is necessary only for those to sign the recognizance who are to be bound thereby; and it is never necessary under the statutes for the accused to sign the recognizance, unless the statutes absolutely require the same to be done. (*Ingram v. The State,* 10 Kas. 630.)

The recognizance in the case last cited was given under § 54 of the criminal code, instead of under § 45 of the criminal code, as the present recognizance was; hence that case is not quite applicable to the present case. (See also *Gay v. The State,* 7 Kas. 394, 402.)   Of course the recognizance is binding upon only those who sign the same. ( Cr. Code, § 136.) But it is is binding upon all who sign the same, and binding in severalty and not merely jointly. (*Swerdsfeger v. The State,* 21 Kas. 475.)   In this state every recognizance is several as well as joint, and any one or more of the persons who sign the same may be sued for a breach thereof.   Even where the accused signs the recognizance, as well as the surety, the surety alone may be sued without joining his principal with him. (See case last cited.)   Of course, under § 45 of the criminal code, it would be very proper for the accused as well as the surety to sign the recognizance ; and possibly it would be the duty of the magistrate in all cases to require him to do so; but his failing to do so we do not think will render the recognizance void as against the surety.

The point that the recognizance does not show that Masterson, the accused, was charged with the commission of any

**3. Recognizance, not void as to surety.**

offense, we also think is untenable.   It never was necessary in a criminal recognizance to describe the offense in detail, or to state facts in detail sufficient to show that a public offense was committed. (*State v. Randolph,* 22 Mo. 474; *State v. Rye,* 9 Yerg. 386.)   All that was ever necessary was, that the recognizance should either state or show that the defendant was charged with the commission of a public offense; and in any case if it was desired to know the exact nature and character of the offense,

the parties so desiring were required to examine the other proceedings in the case. (See authorities above cited, and *Gay v. The State*, 7 Kas. 394, 404.) The recognizance is an obligation of record, and wherever it is obscure or indefinite, other portions of the record may be examined for the purpose of making its meaning clear and explicit. The plaintiff in error founds his argument upon this point principally, if not entirely, upon the language of § 154 of the criminal code, which says that no recognizance shall be held to be insufficient if it be made to appear among other things that the defendant was "in custody, charged with a public offense, . . . and that it can be ascertained *from the recognizance* that the sureties undertook that the defendant should appear before a court or magistrate for examination or trial for such offense." The words "such offense" above quoted simply mean "public offense," and refer back to these words as previously used; and the section does not mean that the offense shall be set out in detail, but simply that a statement shall be made or words inserted, showing that the defendant was charged with the commission of some public offense. We think the recognizance in the present case shows this, although it shows the same only indefinitely, obscurely, and inferentially. The recognizance is entitled "The State of Kansas, Plaintiff, *v.* Philip Masterson, Defendant." It shows that the case was pending before George M. Everline, a justice of the peace of Monroe township, Anderson county, Kansas; and it shows that the plaintiff in error bound himself to the state of Kansas for the appearance of Masterson before the said justice for an examination in the case. Now can the above description apply to any case except a criminal case? Can it apply to any case except a case where a public offense has been intended to be charged? We would think not. Besides, the recognizance was indorsed with the following among other words: "Assault with intent to commit rape;" and the plaintiff in error must have seen this indorsement, for his affidavit and signature thereto were also indorsed on the recognizance. Also the other proceedings in the case, had prior to the execution

of this recognizance, show explicitly and definitely the exact nature and character of the offense charged against the accused.

We think the recognizance is to some extent defective in not stating clearly and explicitly upon its face, that the public offense with which the accused was charged was an "assault with intent to commit rape;" but still we do not think that the recognizance is so fatally defective as to be utterly null and void.   There is no pretense that any other suit against Masterson was pending before Justice Everline than the one in which this recognizance was given; nor is there any pretense that the plaintiff in error ever expected Masterson to join with him in the execution of the instrument.   From anything appearing in the case, the plaintiff in error knew exactly what he was doing when he executed the instrument. He knew its full contents, and its scope and purpose, and that he was to be the only party to execute the same; hence there is no good reason for holding it to be void, unless it cannot in law be held to be otherwise than void.   Of course, recognizances must always be construed strictly and rigidly so as not to enlarge the recognizor's intended liability, so as not to include anything beyond the reasonable scope and intent of the express terms of the recognizances, nor anything not contemplated by the parties or intended by them.   But still, recognizances can never be declared void unless they are clearly and manifestly void, or by a fair interpretation of their contents and their surroundings they are shown to be void.   It is never presumed that parties deliberately intend to execute void instruments; but the presumptions are always the other way.   Courts always attempt to give force and effect to the deliberate acts and deliberate contracts of parties, where such acts and contracts are not in violation of any law, nor in contravention of public policy or good morals.   And all reasonable presumptions and all reasonable interpretations may be resorted to for the purpose of upholding instruments which the parties, with a full knowledge of all the facts, have deliberately and intentionally executed.

The judgment of the court below will be affirmed.

All the Justices concurring.