LUCY J. WEAVER v. WILLIAM GARDNER.

1. JUDGMENT ON DEFAULT; *Indorsement on Summons; Foreclosure.* In an action on a note and mortgages in, which the summons is indorsed with the amount due on the note, and for which a personal judgment is asked, but without any statement of a claim for other relief, and such summons is personally served, it is not error to enter on default a decree for the sale of the mortgaged premises, as well as a judgment for the sum indorsed on the summons. (Following and affirming *George v. Hatton,* 2 Kas., 333.)

2. ———— A mere matter of practice once settled by the decision of the supreme court, and unchallenged for years, ought not to be disturbed except in case of glaring and dangerous error.

*Error from Greenwood District Court.*

THE district court, at the October Term 1873, overruled Mrs. *Weaver's* motion to vacate a decree of foreclosure, and set aside a sale; and from this order she appeals.

*Almerin Gillett,* for plaintiff in error.

*G. H. Lillie,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Defendant in error brought his action in the district court of Greenwood county against Barrett Weaver and Lucy J. Weaver. He set up in his petition two notes signed by Barrett Weaver, and alleged the execution of a mortgage on certain real estate by both the defendants to secure them. A summons was issued and duly served upon both the defendants. Neither of them made any appearance, and a judgment was taken against both for the amount of the notes, and a decree entered against both for the foreclosure of the mortgage. An order of sale was issued, the property sold, and purchased by the plaintiff. Lucy J. Weaver then appeared and filed her motion to set aside the judgment, decree, and sale. The personal judgment against her was set aside, but the motion otherwise was overruled. The grounds of the motion were as follows: The single summons which was issued was indorsed, "Suit brought for the recovery of money—Amount claimed, $1,312.83 with interest from the 26th of May 1873, at the rate of 10 per cent. per annum.— G. W. Lillie, attorney for plaintiff." This, it is claimed, was notice to the defendants that only a personal judgment was sought, and that it was error to take anything more. This is not an open question in this court. As long ago as the case of *George v. Hatton,* 2 Kas., 333, it was decided that in an action like this *no indorsement* was required on the summons, it not being an action for the recovery of money only, but that if an amount was indorsed, it was not error to take judgment for that amount together with a decree for the sale of the land. Counsel contends that the decision in that case properly rests on other grounds, and that the comments of Chief Justice CROZIER upon this question are mere *obiter dicta.* We do not so understand it. It was made one of the points announced in the syllabus, and the decision may as

fairly be said to rest upon this as upon any other ground. We are aware of contrary rulings in Ohio: *Williams v. Hamlin*, 1 Handy, 95; 1 Nash's Pl. & Prac., 4th ed., p. 67. And if this was an open question we might be disposed to give considerable weight to these authorities. But being merely a question of practice, and having been once settled in this state, we deem it better to adhere to that ruling. Doubtless it has been accepted by the profession during the last ten years as the correct interpretation of the statute, and many rights founded upon it. *Stare decisis*, is eminently appropriate in such cases. It may be remarked that there is no showing here of any actual prejudice, no allegation that plaintiff in error did not in fact sign such mortgage, or that no decree of foreclosure thereon ought in equity to have been made.

The order of the district court will be affirmed.

All the Justices concurring.