## D. C. KNOWLES v. S. E. ARMSTRONG.

1. PROTEST DAMAGES; *Facts Stated in Petition.* Where a petition on a negotiable promissory note alleges two indorsements, a demand and refusal of payment, and notice to the indorsers, it is not error to award protest damages.

2. JUDGMENT OF FORECLOSURE; *Indorsement of Summons.* Where a summons in an action to foreclose a note and mortgage was indorsed by the clerk with the amount of money claimed to be due, and there was no indorsement of a claim for other relief; *Held,* that there was no error on account of this indorsement in rendering both a judgment for the money due on the note and a decree for the foreclosure of the mortgage.

*Error from Bourbon District Court.*

ARMSTRONG had judgment upon default at the March Term 1874 of the district court, J. M. G., judge *pro tem.,* presiding. *Knowles,* defendant, brings the case here on error. The errors alleged, and the facts, are sufficiently stated in the opinion.

*McComas & McKeighan,* for plaintiff in error.

*Harris & Spencer,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action in the district court of Bourbon county, to foreclose a note and mortgage given by plaintiff in error and his wife to one Robert Armstrong, and transferred by indorsement of the note, first by the payee to G. W. Stewart, and by Stewart to plaintiff, defendant in error. Personal service was made on Knowles and his wife, who filed an answer, and then by leave of the court withdrew their answer and appearance. The errors complained of are, that the court allowed protest damages on the note, and that under the summons it improperly rendered other than a money judgment. In reference to the first, it may be said that the petition alleges two indorsements, a demand and

refusal of payment, and notice to the indorsers. This was sufficient under the statute. (Gen. Stat. 116, § 14.) In regard to the second objection, it appears that the summons was indorsed by the clerk as follows: "The plaintiff herein claims $1,313.80, together with interest on $1,180 at the rate of 12 per cent. per annum from November 11th 1873, and for which judgment will be taken if the defendants fail to answer." There was no indorsement of a claim for other relief than a personal judgment for money. Hence, counsel contends that it was error to take other than such a judgment. This point has been already decided in this court adversely to the claim of plaintiff in error. *Weaver v. Gardner*, 14 Kas. 347.

The judgment will be affirmed.

All the Justices concurring.