Neitzel v. Hunter.

---

F. W. Neitzel, *et al.*, v. Henry A. Hunter, *et al.*

1. Answer-Day; *Twenty Days after Return-Day; Computation of Time.* Where a summons in a civil action was made returnable on March 23d, and the answer-day was fixed for April 12th next thereafter, the district court properly overruled an objection to the summons based on the ground that the twenty days after the day on which the summons was returnable were not given therein in which to answer.

2. Default; *Leave to Answer; Discretion of Court.* When a party defendant makes a motion to set aside a summons on account of some alleged irregularity, and for good reasons the motion is overruled, and the defendant is in default of an answer at the time of the hearing of such motion, and upon the motion being overruled makes an application for leave to answer, but makes no showing that he has any valid defense, the district court may properly refuse the application for leave to file an answer.

3. Foreclosure; Party; *Interest of Incumbrancer, to be Stated with Certainty.* Where in an action against the mortgagors to foreclose a real-estate mortgage to secure the note of one of the mortgagors, a third party is joined as co-defendant, and as to such third party the only allegations in the petition are, "that he claims an interest in said premises to the amount of $500, and that said claim consists of a mortgage-lien on said premises to secure the payment of the said money," and no judgment is demanded in the prayer of the petition against him, said petition does not state facts sufficient to sustain or uphold a judgment against such third party defendant, barring and foreclosing him from setting up or claiming any right or title, legal or equitable, in or to the mortgaged premises. (*Short v. Nooner*, 16 Kas. 220, approved and followed.)

4. ANSWER-DAY; DEFAULT; *Action, When Triable.* Where the answer-day in a civil action is on April 12th, and the defendant is in default of an answer, and the next term of the court after the default commences on the 26th day of said month, the action is triable at said April term.

5. JUDGMENT *In Personam, Against Mortgagor, Not Liable as Maker of Note, error.* Where an action is commenced to obtain a personal judgment on a note executed by one person only, and to foreclose a mortgage on real estate, given to secure the note, and executed by such person and his wife, it is error to render a personal judgment against the wife to satisfy any part of the judgment after sale of the mortgaged premises.

### Error from Cloud District Court.

FORECLOSURE of mortgage, brought by *Hunter* against *F. W. Neitzel* and *Maria* his wife, as mortgagors, and *Crans* and *Dinwoodie* as incumbrancers. Judgment in favor of plaintiff, and against all the defendants, at April Term 1875, and defendants bring the case here on error. The proceedings, and errors complained of, are fully stated in the opinion.

*L. J. Crans,* for plaintiffs in error.

*E. J. Jenkins,* and *M. V. Jones,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Hunter held a note signed by F. W. Neitzel, which was secured by a mortgage executed by said Neitzel and wife. Other mortgages on the same real estate, executed by Neitzel and wife, were held by L. J. Crans and William Dinwoodie. Hunter commenced his action in the court below to obtain judgment on his note and to foreclose his mortgage, and he joined Crans and Dinwoodie as parties defendant, alleging as to them that they claimed an interest in the mortgaged premises to the amount of $500 each, and that said claim consisted of mortgage-liens on said premises to secure the payment of said money. The summons was issued March 20th 1875, made returnable on the 23d, served on the 20th, and returned and filed on the 22d. The answer-day was set for the 12th of April following. Crans and the Neitzels appeared specially and objected to the summons on

the ground that the answer-day was fixed less than twenty days after the day on which the summons was returnable. Their motion being overruled, and leave to answer having been refused, the court rendered judgment against both the Neitzels, foreclosed the mortgage, and barred the said Crans from setting up or claiming any right or title, legal or equitable, in the said described premises.

The motion to set aside the summons was properly overruled, as the answer-day was within the provision of the statute. Sec. 722 of the civil code, Gen. Stat. 1868, p. 771, provides that the time within which an act is to be done shall be computed by excluding the first day, and including the last. Under this rule, the return-day of the summons is to be excluded, and the 12th day of April included; and there being eight days in March, after the 23d, and including April 12th, twelve days in April, twenty days time were allowed for answering after the day on which the summons was returnable. The argument of counsel that the 24th of March should be construed as the first day, and therefore excluded, and that of necessity the answer-day could not have been earlier than the 13th of April, is not sustained by any decision, nor in accordance with the rules of construction of statutes in such cases. *Dougherty v. Porter*, 18 Kas. 206.

1. Answer-day; time; rule of construction.

The application for leave to answer was denied by the court; and in the absence of any showing of a defense in the case, it cannot be reasonably argued that the court erred in its action. Such applications are greatly in the discretion of the court, to refuse, or allow; but without making any claim to a defense, a party is not entitled to the right of filing an answer in an action, when in default upon personal service.

2. Default; refusing leave to answer.

The objection that the case was not properly on the docket, or triable at the April term for 1875, is also unavailing. The answer-day was on the 12th of the month. Court convened on the 4th Monday of the same month, to-wit, on

April 26th, and under the statute the case was then properly for hearing, no answer having been filed.

Within the decision of the case of *Short v. Nooner*, 16 Kas. 220, so much of the judgment as debars and forecloses the rights of Crans in the mortgaged premises is erroneous, and cannot be sustained. The same may be said of the personal judgment against the wife of Neitzel. She only signed the mortgage, and was not liable personally on the note; therefore it was error for the court, as to her, to do more than decree a foreclosure of the mortgage, and order a sale thereof to satisfy the judgment, costs and expenses and bar her from setting up any title or claim thereafter in the same. If the premises failed to satisfy the judgment, the separate property of the wife could not be taken to pay it. The mortgage was only a security for the debt evidenced by the note, and such security could be fully exhausted; but the liability of the wife was limited to the security given by her, viz., all her interest in the mortgaged premises.

4. Personal judgment against wife as mortgagor.

The judgment will be reversed as to L. J. Crans, and modified as to Maria Neitzel, so as to relieve her from the payment of any portion of the judgment rendered personally against her after a sale is made of all the mortgaged premises; and otherwise the judgment of the district court is affirmed. No costs will be taxed in this court against L. J. Crans; and as to the other parties, the costs will be divided.

All the Justices concurring.