## ADAM SWERDSFEGER v. THE STATE.

1. SUMMONS, *When not Void.* A summons directed to the sheriff of the county in which the action is brought, is not void or voidable because made returnable in two days. [*Clough v. McDonald*, 18 Kas. 114.]

2. ACTION, *Against Surety Alone.* An action may be maintained against the surety in a recognizance alone, and without joining the principal as defendant. [*Jenks v. School District*, 18 Kas. 356.]

3. ——— Where an answer tendered out of time is not verified, and there is no showing by affidavit or otherwise that the matters set forth in the answer are true, and where the party, though duly served, filed a motion to set aside the summons, which was overruled, and thereafter a

demurrer, which was also overruled, *held*, that no error appears in refusing to grant leave to file the answer. [*Neitzel v. Hunter*, 19 Kas. 221.]

4. INTEREST, *On a Recognizance.* Interest begins to run on a recognizance from the time of forfeiture.

### *Error from Nemaha District Court.*

AT the June Term, 1878, of the district court, *The State*, as plaintiff, had judgment against *Swerdsfeger*, as defendant, and as surety in a certain recognizance. The defendant brings the case to this court.

*Joseph Sharpe*, for plaintiff in error.

*Simon Conwell*, county attorney, for The State.

The opinion of the court was delivered by

BREWER, J.: This was an action on a criminal recognizance. Judgment was rendered in the district court in favor of the state, and the defendant brings the case here for review. His counsel has filed a brief, in which many points are presented and discussed at length. Unfortunately for him, most of the points made have been already decided by this court adversely to his claims, and we see no reason to depart from those rulings. He filed a motion to set the summons aside, on the ground that the return-day was less than ten days from its date. Such a summons has been adjudged sufficient. (*Clough v. McDonald*, 18 Kas. 114.)

A demurrer was filed, on the ground that the petition did not state facts sufficient to constitute a cause of action; that there was a defect of parties defendant, and that there was a variance between the allegations of the petition and the bond sued on. The petition alleges in substance that Joseph H. Brown was arrested and brought before a justice of the peace of the county, and duly charged with the crime of grand larceny; that he waived an examination, and was required to give bail; that, failing to give bail, he was committed to jail, and that the justice issued a mittimus therefor, with the amount of the bail indorsed thereon; that while he was legally

committed in the jail and in the custody of the sheriff, the defendant entered into a recognizance as surety, a copy of which was attached to the petition and made a part thereof, which recognizance was taken and approved by the sheriff and by him forthwith certified to the clerk of the district court, and by that officer filed and recorded as provided by law; that upon the execution of said recognizance the sheriff discharged said Brown from custody. The petition then further alleges that Brown failed to appear as required, and that a forfeiture of the recognizance was had. The instrument attached to the petition as an exhibit was in form a penal bond, executed by Brown as principal and Swerdsfeger as security, recited in full the charge, and was conditioned for Brown's appearance at the next term of the district court. The allegations in the petition, as well as the recitals on the bond, were full, specific and definite.

Such a petition within the adjudications already made by this court, as well as the plain language of the statute, is sufficient. (*McLaughlin v. The State*, 10 Kas. 586; *Ingram v. The State*, 10 Kas. 630; *Jennings v. The State*, 13 Kas. 90; *Barkley v. The State*, 15 Kas. 99; Gen. Stat., p. 844, § 154.) That an action may be maintained against the surety alone without joining the principal as defendant, is clear. Though the obligation may have been joint at common law, yet by our statute it is joint and several. (Gen. Stat., p. 183, § 1.) And in all cases of joint obligations, suits may be brought against one or more of those who are liable. (Gen. Stat., p. 183, § 4.) Section 470 of the code only applies where the principal debtor is one of the defendants, and does not take away the right given elsewhere to sue the surety alone. (*Jenks v. School District*, 18 Kas. 356.) There was no variance between the allegations of the petition and the bond attached, for the latter was a several obligation of the surety, as well as an obligation of the principal and surety.

We cannot say that the court erred in refusing to grant leave to file an answer. The court is to be satisfied that the party did not demur for delay, as well as that he has a mer-

·itorious defense. Whether any showing by affidavit or otherwise was made upon the application for leave to answer, we are not advised. The answer tendered was not verified. The party seemed, by his motion to set aside the summons and his demurrer, more anxious to delay any inquiry than to meet the case upon its merits; and the court may well have thought, in the absence of further showing, that the filing of an answer was also simply for delay. At any rate, error is not shown in the matter, for the mere tender of an answer does not entitle a party to the right to file it out of time and after he has exhausted all other efforts to delay and defeat the action. (*Spratly v. Ins. Co.*, 5 Kas. 155; *Neitzel v. Hunter*, 19 Kas. 221.) Interest from the day of forfeiture was properly allowed. (Laws 1871, p. 250, § 1.)

Upon the whole record we see no error, and the judgment must be affirmed.

All the Justices concurring.