S. J. SAFFORD *et al.* v. HONOR TURNER.—CHARLES SCHRAM *et al.* v. SAME.

*Motion for Rehearing.*

THESE cases are sufficiently stated in the original opinion, filed at the session of the court in July, 1894, and in the opinion herein, filed October 6, 1894.

*F. L. Jones*, for the motion.

*E. N. Smith*, for contra.

*Per Curiam:* These causes were assigned for hearing at the May session, and were then continued until June. Briefs were filed by the plaintiffs in error on the merits. The defendant in error appeared and presented motions to dismiss,

Safford v. Turner.

which were sustained. The plaintiffs in error now move that the cases be reinstated and considered on their merits.

As no brief was filed by the defendant in error, and no sufficient notice of the motion to dismiss was given, we shall treat the cases as though the motions to dismiss were now presented for the first time. Affidavits are now presented by the plaintiffs in error for the purpose of showing that counsel for the defendant in error was notified of the time when the cases would be presented for settlement, and was present at the time they were settled. The counsel in the cases have each filed affidavits flatly contradicting each other. The judge who tried the cases testifies that he has no distinct recollection as to these particular cases; that it was his custom to require the presence of counsel on both sides, or a written acknowledgment from absent counsel that a case was satisfactory; and that he is confident that he never signed any case without these conditions being complied with. The records, however, produced in court, fail to show any notice or appearance at the settlement of the cases on the part of the defendant in error. The practice of omitting these matters from the record and resorting to outside proof to show notice of the time of settlement or actual presence of the parties is not to be encouraged. This court should not have its time taken up by controversies of this character. It is very easy to make the record itself show the facts. If notice has been given, it should be incorporated in the record. If the parties appear at the time of the settlement, the certificate should so state. Parol agreements of counsel, made out of court, cannot be considered, and unseemly controversies over matters outside of the record are not to be encouraged.

The former order of the court dismissing the cases must be allowed to stand.