## HORTON v. HAINES *et al.*

### No. 54. Opinion Filed May 12, 1909.

### (102 Pac. 121.)

1. APPEAL AND ERROR—Review—Questions of Fact—Findings of Court. Where a motion to quash a summons raises a question of fact not apparent on the face of the record, and is supported by the affidavit of the movant on one side, and opposed by the affidavits of the plaintiff and one of the defendants on the other, this court would not be warranted in disregarding the findings of fact of the court below, based upon these contradictory affidavits.

2. MORTGAGES—Foreclosure—Summons—Requisites. That part of section 4259, Wilson's Rev. & Ann. St. 1903, which provides that the summons shall be "directed to the sheriff of the county, and command him to notify the defendant or defendants, named therein, that he or they have been sued, and, must answer the petition filed by the plaintiff, giving his name, at a time stated therein, or the petition will be taken as true and judgment rendered accordingly; and where the action is on contract for the recovery of money only, there shall be indorsed on the writ the

amount, to be furnished in the praecipe, for which, with interest, judgment will be taken, if the defendant fail to answer. If the defendant fail to appear, judgment shall not be rendered for a larger amount and the costs"—does not require the summons in a foreclosure suit, where personal service has been had, to advise the defendant of the nature of the action against him and the kind of judgment that will be rendered. Nor is it necessary, the action not being for the recovery of money only, to indorse on the writ the amount for which, with interest, judgment will be taken if the defendant fail to answer.

3.    **MORTGAGES—Foreclosure—Petition—Sufficiency.** An allegation in a petition for the foreclosure of a real estate mortgage, which avers that "the defendant S. A. Horton claims some right, title or interest in or to said premises, but if any interest, right, or title he has in or to said mortgaged premises, or any part thereof, the same is inferior, subsequent, and subject to the mortgage lien of plaintiff under his said mortgage," states facts sufficient to constitute a cause of action, and to support a decree of foreclosure against a defendant, who acquired an interest in the real estate involved after the execution of the mortgage.

4.    **VENUE—Application for—Requisites.** An application for a change of venue must state the facts on which it is based, and not conclusions.

5.    **VENUE—Appeal and Error—Discretion—Review.** Section 4256, Wilson's Rev. & Ann. St. 1903, relating to changes of venue, is not imperative or mandatory, and does not require the granting of a change of venue upon any showing made therefor, but the court is vested with a sound discretion, upon the showing made therefor by the applicant, to grant or refuse the same; and, on appeal, unless it appears to the court that there has been an abuse of such discretion by the court in the case, the action of the court will not be disturbed.

6.    **PLEADING—Motions—Filing Out of Time—Discretion of Court.** When a party defendant makes a motion to quash a summons on account of some alleged irregularity, and for good reason the motion is overruled, and the defendant becomes in default of an answer, and thereafter files an application for leave to file out of time a motion requiring the plaintiff to make his petition more definite and certain, but makes no showing that he has any valid defense, the district court may properly refuse such application.

(Syllabus by the Court.)

*Appeal from District Court, Cleveland County; C. F. Irwin, Judge.*

Action by W. R. Haines against S. A. Horton and others.

Judgment for plaintiff, and defendant Horton brings error. Affirmed.

*S. A. Horton, pro se.*

*W. J. Jackson,* for defendant in error Haines.—On requisites of summons: *George v. Hatton,* 2 Kan. 333; *Weaver v. Gardner,* 14 Kan. 348; *Beverly v. Fairchild* (Kan.) 27 Pac. 985. On sufficiency of petition: *Short v. Nooner,* 16 Kan. 227. On court's discretion as to filing motions out of time: *Neitzel v. Hunter,* 19 Kan. 221; *Swerdsferger v. State,* 21 Kan. 475; *Tefft v. Firey,* 22 Kan. 753; *Railway Co. v. Linson,* 39 Kan. 416.

KANE, C. J. This was a suit upon a promissory note, and to foreclose a mortgage given to secure payment of same. The note and mortgage were executed by the defendant in error James H. Love and Mary A. Love, and made payable to the Union Central Life Insurance Company, of Cincinnati, Ohio, and by it assigned and transferred to W. R. Haines, one of the defendants in error, who was plaintiff below; the plaintiff in error, S. A. Horton, and James H. Love and Mary A. Love, being defendants. While the plaintiff in error never filed any formal pleadings disclosing the interest he claimed in the premises, he states in his brief that, long prior to this foreclosure suit, he had traded for and become the owner of the land and purchased same from James H. and Mary A. Love. The paragraph of the petition relating to Horton's interest in the land is in words and figures, as follows:

"The plaintiff further avers that the defendant S A. Horton claims some right, title, or interest in or to said premises, but if any interest, right, or title he has in or to said mortgaged premises, or any part thereof, the same is inferior, subsequent, and subject to the mortgage lien of plaintiff under his said mortgage."

Upon præcipe being filed summons was issued and personally served upon James H. Love in Cleveland county, and the plaintiff in error was personally served in Oklahoma county. The plaintiff in error filed a motion to quash the service upon him, alleging in support thereof that the defendant Love was a resident of the In-

dian Territory, and that he conspired and confederated with W. R. Haines to come into Cleveland county and allow service 'of summons to be served upon him there, so that the plaintiff in error might be sued out of his own county. For a second ground for quashing the summons he alleged that the copy served upon him was insufficient in substance and form, in that it did not show what judgment would be rendered against him, or did not show what mortgage would be foreclosed and against what land. The conspiracy charged was heard by the court below upon affidavits, plaintiff in error filing one to support his side of the proposition, and W. R. Haines and James H. Love, *contra.* The court, after hearing the evidence, and being fully advised in the premises, overruled the motion to quash, and this is the first ground of error urged by plaintiff in error in his own behalf.

It was not error to overrule this motion. It is no hardship for a person claiming an interest in real estate to be sued to foreclose a mortgage thereon in the county wherein the land lies. Ordinarily that is the proper place to commence such suits. Plaintiff in error insists that under section 10 of the organic act (Act May 2, 1890, c. 182, 26 Stat. 87), which reads, in part: "All civil actions shall be instituted in the county in which the defendant, or either of them, resides or may be found"—that if Love had not been served in Cleveland county, or had not been found there, the mortgage could not have been foreclosed in that county, and that it would then be necessary to commence the suit in the county of his residence. However this may be, the evidence adduced for and against the motion to quash satisfied the court below that Love was properly served in Cleveland county, and this court will not disturb the finding on that point. Where a motion to quash a summons raises a question of fact not apparent on the face of the record, and is supported by the affidavits of the movant on one side, and opposed by the affidavits of the plaintiff and one of the defendants on the other, this court would not be warranted in disregarding the findings of fact of the court below, based upon these contradictory affidavits.

In support of the second ground to quash the plaintiff in error says:

"The statute of Oklahoma provides that the summons must advise the defendant of the nature of the action against him, and the kind of judgment that will be rendered.   *   *   *   The summons in this cause is therefore entirely insufficient and the motion to quash should have been sustained."

It is not quite clear the exact defect in the summons the plaintiff in error had in mind, but we have examined the summons served upon him, and are of the opinion that it is sufficient in substance and form.   Section 4259, Wilson's Rev. & Ann. St. 1903, provides that:

"The summons shall be issued by the clerk, upon a written præcipe filed by the plaintiff; shall be under the seal of the court from which the same shall issue, shall be signed by the clerk, and shall be dated the day it is issued.   It shall be directed to the sheriff of the county, and command him to notify the defendant or defendants, named therein, that he or they have been sued, and must answer the petition filed by the plaintiff, giving his name, at a time stated therein, or the petition will be taken as true and judgment rendered accordingly; and where the action is on contract for the recovery of money only, there shall be indorsed on the writ the amount, to be furnished in the præcipe, for which, with interest, judgment will be taken, if the defendant fail to answer.   If the defendant fail to appear, judgment shall not be rendered for a larger amount and the costs."

This section of the statute does not require the summons, in a foreclosure suit where personal service has been had, to describe the real estate, or what kind of a judgment will be rendered.   Nor is it necessary, the action not being for the recovery of money only, to indorse on the writ the amount for which, with interest, judgment will be taken if the defendant fail to answer.   *George v. Halton,* 2 Kan. 333; *Weaver v. Gardner,* 14 Kan. 347; *Beverly v. Fairchild et al.,* 47 Kan. 289, 27 Pac. 985.

The next assignment of error argued by plaintiff in error in his brief is that the petition does not state a cause of action against him.  · In support of this contention he cites *Short v. Nooner,* 16 Kan. 220, and *Douglass v. Nuzum,* 16 Kan. 515.   The third para-

graph of the syllabus of *Short v. Nooner, supra,* states the facts in that case, and the ruling of the court thereon, as follows:

"The plaintiff, Short, commenced an action against Fletcher and wife and E. J. Nooner, on a promissory note and a real estate mortgage made to secure said note, alleging in his petition that Fletcher executed the note, that Fletcher and wife executed the mortgage, and 'that the said defendant Nooner has or claims to have, some interest in or lien upon said premises as described in said mortgage deed, but plaintiff is ignorant of the nature and extent thereof, and does not know whether the said defendant Nooner has at this time any subsisting lien upon said premises, and he demands proof of the same'; and plaintiff then prayed for a judgment against Fletcher for the amount of the note, and 'for a decree' against all the defendants 'for the foreclosure of said mortgage deed, and that the premises be sold,' etc. There were no other allegations in the petition against Nooner. Held that said petition does not state facts sufficient to sustain or uphold any judgment against Nooner, and especially not a judgment barring all right, title, and interest of Nooner in and to said premises. It lacks an allegation showing that Nooner's claim is junior or inferior, to the mortgage lien of the plaintiff."

Mr. Justice Valentine, who delivered the opinion of the court, in discussing this proposition, says:

"These allegations are certainly not sufficient to sustain or uphold any judgment. The usual allegations in cases of this kind are substantially as follows: 'That the defendant G. H. has or claims some interest in, or lien upon, the said real property, but the same, whatever it may be, is subject to the lien of the said mortgage."

"This form," Justice Valentine continues, "is taken from 2 Estee's Pleading & Forms, 265, No. 450. * * * [and] has been held to be sufficient (*Drury v. Clark,* 16 How. Prac. [N. Y.] 424; *Frost v. Koon,* 30 N. Y. 428, 448); and we think it is sufficient." The allegation complained of in the case at bar, hereinbefore set out in full, is in substance the same as the one referred to by Justice Valentine in *Short v. Nooner, supra,* and approved by the Supreme Court of Kansas. We are of the opinion that it is sufficient to state a cause of action against the plaintiff in error,

and to support the degree of foreclosure under the circumstances of this case.

The next contention of plaintiff in error is that the record shows that nothing was due on the date of the filing of this suit or at the date of the rendition of the judgment, and that said judgment upon the evidence adduced should have been for the plaintiff in error. It seems that, prior to the time the suit was commenced, two overdue interest coupons, numbered 2 and 3, respectively, had been detached from the principal note and forwarded for collection. These two coupons not being paid, by the terms of the mortgage the principal note became due and payable at once. While the overdue coupons were offered in evidence, and delivered to the clerk of the court for cancellation upon the rendition of the decree, they were not inserted in the case-made. Since the case-made was filed, and after the plaintiff in error filed his brief, these two overdue interest coupons, by leave of court, have been included in the case-made by amendment, and they show upon their face that they were due at the time the suit was instituted. This, of course, constitutes a complete answer to this assignment of error.

The next contention of plaintiff in error is that there are no pleadings to support a judgment in excess of $2,540.25, while the court below rendered judgment for $2,646. The allegation of the petition as to the amount due on the note and mortgage is in words and figures as follows, to wit:

"That there is now due to the plaintiff on said indebtedness note and mortgage the sum of $2,000, with interest thereon at 6½ per cent. per annum, from the 1st day of February, 1907; and the further sum of $130, with interest thereon at 12 per cent. per annum from the 1st day of February, 1906; and the further sum of $130, with interest thereon at 12 per cent. per annum from the 1st day of February, 1907; and the further sum of $60.-06, taxes as aforesaid, with interest thereon at 12 per cent. per annum from the 17th day of November, 1906; and in addition thereto a reasonable attorney's fee which plaintiff alleges to be the sum of $250."

The judgment of the court is well within the purview of this

allegation. There seems to be no reason for disturbing it on the ground that it is excessive. There was evidence to the effect that a reasonable attorney's fee for the foreclosure of the mortgage would be $200, and that was the amount for which the court entered judgment.

The next assignment of error argued by plaintiff in error is that it was error for the court below to overrule his application for change of judge. The application is in words and figures as follows:

"S. A. Horton, upon oath, states that he is a resident of, and has his domicile in, Oklahoma county, in the territory of Oklahoma, and that he is one of the defendants in the above entitled and numbered cause; that he cannot have a fair and impartial trial before Hon. C. F. Irwin, Judge of the district court of said county; that the said case is an equity case, wherein both the law and facts will be submitted to the court, and that said C. F. Irwin is biased and prejudiced against the defendant in favor of the plaintiff W. R Haines, and that by reason of said prejudice he cannot have a fair and impartial trial before Hon. C. F. Irwin."

Plaintiff in error argues that no valid order could have been made in the case by Judge Irwin after the application, except an order sending the cause to another judge. In *Maharry et al. v. Maharry,* 5 Okla. 371, 47 Pac. 1051, the affidavit for change of judge read as follows:

"William J. Maharry, being duly sworn according to law, says: That he has reason to believe, and does believe, that he cannot have a fair and impartial trial before Frank Dale, judge of the district court of Logan county, Okla. T., and therefore asks that a change be granted to some other judge, for the purpose of trying all questions that may arise in said cause, and for the purposes of trying the motion to dissolve the injunction and set aside the order already made in said cause. Affiant says that he had a personal altercation difficulty with said judge, and that, on account of said difficulty, he believes that said judge has an unkindly feeling toward him, and that by reason thereof is prejudiced against him, and that said prejudice would affect the judgment of said court, and by reason thereof he cannot have a fair and impartial trial."

The second paragraph of the syllabus reads as follows:

"An application for a change of venue must state the facts on which it is based, and not conclusions or the mere belief of the party."

In *Richardson et al. v. Augustine,* 5 Okla. 667, 49 Pac. 930, it was held that:

"Section 58 of the Code of Civil Procedure (Wilson's Rev. & Ann. St. 1903, § 4256), relating to changes of venue, is not imperative or mandatory, and does not require the granting of a change of venue upon any showing made therefor, but the court is vested with a sound discretion, upon the showing made therefor by the applicant, to grant or refuse the same; and, on appeal, unless it appears to the court that there has been an abuse of such discretion by the court in the case, the action of the court below will not be disturbed."

Under the circumstances of this case we are not prepared to say the court below abused its discretion in overruling the application for change of judge.

The next assignment of error urged by plaintiff in error is that the court below abused its discretion in not permitting him to file out of time his motion to make petition more definite and certain. The facts as disclosed by the record show that on the 1st day of July, 1907, the motion to quash heretofore referred to was overruled, and the plaintiff in error was given 30 days to plead. On the 21st day of September, 1907, he filed an application for leave to file a motion requiring the plaintiff to make his petition more definite and certain. In support of this application he filed an affidavit to the effect that, at the time the motion to quash was heard, he was not present in court, and had no notice that the court was in session in Cleveland county on that day. In opposition to this affidavit W. W. Gresham, clerk of the court, filed an affidavit to the effect that as such clerk, on the 10th day of June, 1907, he notified the defendant, S. A. Horton, by mail duly deposited in the post office at Norman, Okla., addressed to said S. A. Horton, at Oklahoma City, inclosed in one of the official envelopes of said clerk's office, that said court would convene on the 17th day of June, 1907, and that said court did con-

vene on the 17th day of June, 1907, and, after transacting certain business that was before said court, said court adjourned said term in open court until the 1st day of July, 1907, at which time it reconvened in pursuance of said adjournment, and transacted such business as came before said court, including the overruling of a motion to quash and set aside the service of summons in the case at bar. On the 23d day of September, 1907, after hearing argument of counsel, and being fully advised in the premises, the court overruled the application for leave to file out of time a motion to make petition more definite and certain. This was not an abuse of discretion. It has been held by the Supreme Court of Kansas that, when a party defendant makes a motion to set aside the summons on account of some alleged irregularity, and for good reason the motion is overruled, and defendant is in default of an answer at the time of the hearing of such motion, and, upon the motion being overruled, makes an application for leave to answer but makes no showing that he has any valid defense, the district court may properly refuse the application for leave to file an answer. *Neitzel et al. v. Hunter et al.*, 19 Kan. 221; *Swerdsferger v. State*, 21 Kan. 475;; *Tefft v. Fierey*, 22 Kan. 753. The plaintiff in error in this case made no showing that he had a valid defense to the cause of action, but merely requested leave to file out of time a dilatory plea. The court below was, under the circumstances, fully justified in refusing this application. It was after this application for leave to file a dilatory plea out of time was overruled that the motion for a change of judge was made, but we are noticing the assignments of error in the order they are argued in the brief of plaintiff in error.

The last assignment of error urged by plaintiff in error is that it was error for the court below to appoint a receiver. We think this action of the court was justified upon the showing made. The mortgage foreclosed in this suit, among other things, provides, that:

"In case of foreclosure proceedings, the plaintiff shall be at once entitled to the appointment of a receiver to take charge of the mortgaged premises."

Moreover, the plaintiff in error did not object to the appointment of a receiver below, and never filed an objection, or gave any reason why he should be discharged. In view of this, and of the conclusions we have reached on the other points raised, the appointment of a receiver by the court below would not in any event be such an irregularity as to warrant a reversal of the judgment.

From an examination of the whole case, we are satisfied there is no prejudicial error in the record which would justify this court in granting a new trial. The judgment of the court below is therefore affirmed.

All the Justices concur.