Johnson & Cain vs. Steamboat Lehigh.

---

JOHNSON & CAIN vs. STEAMBOAT LEHIGH.

A bond is binding upon all the obligors who sign, seal and deliver it, although the names of part of the obligors be omitted in the body of the bond. The case of Adams et al. vs. Wilson, 10 Missouri Reports 341, overruled.

## ERROR to St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

This was an action under the statute entitled "an act concerning boats and vessels," brought to the September term, 1847, of the St. Louis court of common pleas, by the plaintiff against

Johnson & Cain vs. Steamboat Lehigh.

the steamboat Lehigh, for the malperformance of a contract of affreightment. A warrant issued and the boat was seized by the sheriff of St. Louis county, and afterwards discharged by the sheriff on bond being given under the 9th section of the above mentioned act.

The said bond was signed sealed and delivered by Oliver Harris, Lewis F. Lacey, and others as securities, and was returned by the sheriff into court with the warrant and complaint, as required by law. In the bond so executed and returned, the names of Harris and Lacey were not inserted in the body of the instrument. The names of the principal and other securities were in the body of the bond, and a space was left for the insertion of other names. The boat pleaded the general issue. Afterwards a trial was had, and on the          day of          , 1849, of the September term, 1849, a judgment was rendered in favor of the plaintiff and against the boat and the principal and securities on the bond, including Harris and Lacey. Thereupon Harris and Lacey, by motion, asked the court to set aside, quash and annul the judgment as to them, on the grounds that they were no parties to the suit, that the said bond was not their deed, and that the said bond was not obligatory on them, because their names were not inserted in the body of it. The court sustained their motion and set aside the judgment as to them. The action of the court in setting aside the said judgment as to Harris and Lacy, is assigned by plaintiffs for error, and is the only question now before the supreme court to be decided.

M. L. GRAY, for plaintiff in error.

The plaintiffs in error contend that the bond was the bond of Harris and Lacey, though their names were not in the body of the instrument. They claim this to be the law both on authority and principle.

Harris and Lacey do not deny that they did not sign, seal and deliver the bond as theirs and with the intent of being bound. Admitting this, they seek on the ground of a clerical omission to escape liability, which they and the parties intended to assume at the time of executing the bond. They put their names and seals to the instrument obviously for some purpose, and for what, unless to bind themselves? 2 Coke p. 203.

The reasoning in the case of Powell vs. Thomas, 7 Mo. R. p. 440, will forcibly apply to this case.

The bond was valid, legal and binding on Harris and Lacey, notwithstanding the omission of their names in it. I find the authorities are uniform in favor of this position. 1 Stewart's R. (Ala.) 479; 4 Hayne 239; Brayton's R. 38; 4 McCord 203; 2 Bailey 199; 7 Cow. 484; 2 H. & M. 398; 4 Munf. 380; 4 Dev. 272; 2 Dana 463; 2 Litt. 286; 2 Coke 261; Bac. abrdg., obligation C; 6 Mass. 519.

Even if the bond were defective by reason of the clerical omission, the signing, sealing and delivering was an authority to fill up the blank. 5 Mass. R. 538; 3 Bibb. 361.

RYLAND, Judge, delivered the opinion of the court.

From the above statement, there is only one question for our adjudication. That is, does the omission of the names of Harris and Lacey in the body of the bond, though the bond is executed by them otherwise, render the bond void as to them?

The plaintiffs in this court contend that it does not; the defendants that it does.

The defendants rely upon the cases reported in the 10th Missouri Reports, Adams et al. vs. Wilson, page 341, and Wood & Oliver vs. Ellis, admr. &c., page 382.

In these cases this court did decide upon the authority of Tucker's Com. page 265, that such omission of the names of the persons in the body of the bond, although their names were subscribed to the bond, rendered the bond void as to them.

This court has had occasion since these decisions to investigate this matter more thoroughly, and upon full examination we find that the authorities cited by Judge Tucker do not warrant and support his conclusions.

That such omission to insert the names of the persons in the face of the bond and within the body of the bond, if the bond be by such persons subscribed, will not vitiate the bond and render it void, is supported by a string of authorities, of such weight and learning as to render it strange how Judge Tucker could have adopted a different opinion. See the authorities cited by counsel in his argument.

This court, in two different cases since those reported in 10th vol., has determined this point contrary to the views contained in those opinions.

I am clear that the court below erred in setting aside the judgment in this case. This error was produced by the lower court following the decisions above cited from 10 Missouri Reports. These have since been overruled as regards this point.

The judgment of the court of common pleas is therefore reversed, and cause remanded.