WESLEY McLAUGHLIN v. THE STATE OF KANSAS.

1. RECOGNIZANCE; *Its Requisites.* In a criminal recognizance it is unnecessary to recite the steps in the prosecution which give the officer authority to require the recognizance. All that the recognizance need contain is the penalty, and the condition.

2. ———— *Rule of Construction.* The strict rule of the common law in reference to recognizances is changed by our statute, and under it it is sufficient if from the whole record "it be made to appear that the defendant is legally in custody, charged with a public offense, that he was discharged therefrom by reason of the giving of the recognizance, and

that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court for trial for such offense."

3. EMBEZZLEMENT; *Value of Property Embezzled; Jurisdiction.* Where a justice of the peace binds over to the district court a person charged with the crime of embezzlement, and takes a recognizance for the appearance of such person to such court, and such recognizance fails to state the value of the money or property alleged to have been embezzled, it will be presumed that the case was one not within the jurisdiction of the justice to try and determine, but that the defendant was rightfully recognized to appear to the district court, to there answer to the offense charged.

## *Error from Clay District Court.*

ACTION brought in the name of *The State* on a forfeited recognizance to recover the amount of the penalty. The petition alleged the following facts: That Alonzo F. Dexter had filed a complaint before a justice of the peace, showing that said Dexter was the acting county treasurer of Clay county, and charging Johnson B. McLaughlin, with having, while being and acting as the clerk and deputy of said Dexter, and as such clerk and deputy having the custody and possession of certain moneys for him the said Dexter, "willfully embezzled and converted to his own use the sum of $1,500, moneys legally in the custody of said Dexter as county treasurer of said county of Clay, with the wicked and felonious intent to cheat and defraud him the said Dexter;" that said McLaughlin was arrested, and taken before said justice; that he voluntarily waived a preliminary examination, and entered into a recognizance for his appearance at the next term of the district court, with *Wesley McLaughlin* and Wm. A. Keith as his sureties; that said J. B. McLaughlin neglected and refused to appear at the next term of said district court, and that said recognizanee was forfeited. The petition set forth in full the recognizance sued upon, the body of which is as follows:

STATE OF KANSAS, COUNTY OF CLAY, ss.: Be it remembered, that on the 3d day of January in the year 1872, J. B. McLaughlin, Wesley McLaughlin, and W. A. Keith personally appeared before James W. Miller, a justice of the peace

in and for the county aforesaid, and jointly and severally acknowledged themselves to owe the state of Kansas the sum of $1,000, to be levied of their goods and chattels, lands and tenements, if default be made in the condition following, to-wit: The condition of this recognizance is such that, if the above-bounden Johnson B. McLaughlin shall personally be and appear before the district court on the first day of the next term thereof to be held in said county of Clay, then and there to answer to the charge of Alonzo F. Dexter for embezzlement and converting to his own use moneys belonging to said A. F. Dexter while in his employ, and abide the judgment of the court, and not depart without leave, then this recognizance shall be void, otherwise it shall remain in full force and virtue in law."

The petition demanded judgment for said sum of $1,000. *Wesley McLaughlin* appeared and demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The district court, at the November Term 1872 overruled the demurrer; and *McLaughlin* not answering over, but being willing to stand on his demurrer, judgment final was given in favor of *The State* for $1,000 and costs, and *McLaughlin* brings the case here by petition in error.

*C. M. Kellogg*, for plaintiff in error:

1. The bond is void because it does not appear that the defendant was legally in custody, charged with a public offense: (§ 154, criminal code.)

2. The language of the requirement in the condition of the obligation, to-wit, "To answer to the charge of Alonzo F. Dexter for embezzlement, and converting to his own use moneys belonging to said A. F. Dexter while in his employ "— does not show that the defendant was charged with a public offense. (Crimes act, § 88.)

3. A literal compliance with the terms of this obligation requires Johnson B. McLaughlin to appear and answer the charge of *Alonzo F. Dexter*, and not to answer a charge presented in the name of *The State of Kansas*. " Where seeking to enforce a forfeiture, the state can claim of a party nothing

more than a literal compliance with the terms of his obligation." *Sherman v. The State*, 4 Kas., 470.

4. The crime intended to be charged is embezzlement, which may be a felony or a misdemeanor. If of the grade of a misdemeanor it should have been determined before the justice by a trial; but the recognizance does not state the amount charged to have been taken, so the district court may have had only appellate jurisdiction, while the bond shows this proceeding to have been a preliminary examination. 7 Hill, 39.

*C. M. Anthony*, county attorney, for defendant in error:

The language of § 154 of the criminal code, so far as it is applicable to this case, is, "that no action upon a recognizance shall be defeated on account of any defect of condition of undertaking therein, so that it be made to appear that the defendant was legally in custody, charged with a public offense, and that he was discharged therefrom by reason of giving the recognizance." If a reasonable construction be given to this section scarcely a defect can exist in a recognizance that is not cured. This section took effect after the decision in the case of *Sherman v. The State*, 4 Kas., 470, and the legislature must have intended to change the rule for construing recognizances, that is, to give the language of recognizances a liberal if not almost a *latitudinous* construction. An attempt was made to correct every irregularity of language and form, "so that it be made to appear that the defendant was legally in custody, charged with a public offense, that he was discharged therefrom by reason of giving the recognizance, and that the sureties undertook that the defendant should appear before a court," etc.

It is insisted that this recognizance does not show that the defendant was legally in custody charged with a public offense. Embezzlement is a public offense whenever the party is in the service or employment of another, whether in a public or private capacity, under § 88 of the crimes act, (Gen. Stat., 334,) and the same technical certainty is not required in de-

scribing the offense in the recognizance, under §154 of the criminal code, that is required in an information or indictment. The presumption is that even a court of limited jurisdiction acted within the scope of its authority unless the contrary clearly appears from the face of the record. In this case, to decide that the recognizance is void would be to presume that in a *civil* suit pending before the justice he required the defendant to enter into a recognizance.

The language of the recognizance is, "to answer the charge of Alonzo F. Dexter for embezzlement," instead of, "the charge of the state of Kansas." This is a "defect of form," an "omission of recital," made by the justice. This is an irregularity merely; for the whole record clearly shows that the defendant was legally in custody, charged with a public offense by the state of Kansas, plaintiff, although it shows that the charge was sworn to by A. F. Dexter.

The opinion of the court was delivered by

BREWER, J.: The action in the district court was on a recognizance. A demurrer to the petition having been over-ruled, judgment was entered in favor of the state. Three points are presented for our consideration. It is insisted that the bond is void because it does not appear "that the defendant was legally in custody charged with a public offense." If by this is meant that the recognizance does not show this fact, it is unnecessary; if that the petition does not, it is incorrect. All that the recognizance need contain is the penalty, and the condition. It is unnecessary that it recite the antecedent steps in the prosecution. It is enough if those steps were taken, and proper evidence of them preserved in the records of the magistrate, or court. All these are alleged in the petition, and there being no answer are not controverted.

1. Recognizance;
its requisites.

Again, it is objected that the condition of the recognizance fails to show that the defendant is charged with a public offense, or prosecuted by the state. It reads "To answer to the charge of Alonzo F. Dexter for embezzlement and con-

2. Rule for con-
struing re-
cognizances.
verting to his own use moneys belonging to said A. F. Dexter while in his employ." The petition shows that Alonzo F. Dexter was the prosecuting witness, and made the affidavit upon which the defendant was arrested. While it is true, in precise legal language, that the charge is made by the state, yet there is no inaccuracy in the language according to the ordinary understanding. The prosecution is in the name of the state, and conducted by public officers, yet the charge is preferred by the prosecuting witness. To hold this recognizance void on this account would be straining a point even according to the strictness of the common law, and our statute has laid down a much more liberal rule of construction: Criminal code, Gen. Stat., 844, § 154.

The last point is, that embezzlement may be a misdemeanor or felony according to the amount embezzled, and thus an offense of which the justice has final jurisdiction, or one in which he must bind over to the district court; and that inasmuch as this recognizance does not show the value of the property charged to have been embezzled it fails to show a crime for which the justice had jurisdiction to require a bond. Some cases can be found in the reports of other states where this objection has been held good. But in all of them the strict rule of the common law prevailed. That strictness of construction is, as we have stated, done away with by statute; and under the rule of that statute we are compelled to hold that this point also is not well taken. It may be remarked that the proceedings anterior to the recognizance, as alleged in the petition, show that the amount charged to have been embezzled was $1,500, thus charging a crime over which a justice would have no final jurisdiction. These being all the objections to the judgment, it must be affirmed.

3. Embezzle-
ment. Value
of property.
Jurisdiction.

All the Justices concurring.