### Sewell v. Breathitt Lodge No. 649, F. & A. M.

(Decided November 13, 1912.)

Appeal from Breathitt Circuit Court.

1. Bonds—Surety—Liability.—A surety on a bond will not be relieved from liability merely because he signed the bond in the

belief that the signature of the co-surety appearing on the bond is genuine, when, as a matter of fact, it is a forgery.

2   Bonds—Surety—Obligee—False or Fraudulent Statements.—If the obligee make false or fraudulent statements to the surety at the time of the execution of the bond, or during the negotiations leading up to it, and the surety is thereby induced to sign the bond, this will afford sufficient ground for annulling the bond so far as he is concerned.

3.   Bonds—False or Fraudulent Statement By Third Person.—Where false or fraudulent statements of a third party are relied upon for defense in an action on a bond, it must appear that such party was authorized to represent the obligee.

4.   Bonds—False or Fraudulent Statement of Member of Lodge.—A lodge will not be bound by the false statement of one of its members made to one who is about to become a surety on a bond, in the absence of a showing that he had general authority to take bonds, or special authority to represent the lodge with respect to the bond in question.

J. J. C. BACH, GRANNIS BACH for appellant.

KASH & KASH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

During the year 1909, L. T. Bolin was elected treasurer of Breathitt Lodge No. 649, Free and Accepted Masons. Before entering upon his duties, he was required to and did execute to the lodge bond conditioned that he would well and truly perform his duties as treasurer, and pay over to his successor in office or to the lodge all money, stocks, bonds or other property belonging to the lodge and in his possession. This bond was signed by Bolin and by appellant, G. W. Sewell. The name of Thomas Haddix also appears on the bond between the signatures of Bolin and Sewell. The lodge brought this action against Bolin, Sewell and Thomas Haddix to recover the sum of $295.91, which it is alleged belonged to the lodge and came into Bolin's hands while he was acting as treasurer, and which he failed and refused to turn over to the lodge. Bolin made no defense. Haddix pleaded *non est factum,* and the action was dismissed as to him. Sewell first answered as follows:

"The defendant, G. W. Sewell, for answer and defense to plaintiff's petition herein, says that when he signed the writing filed with plaintiff's petition as exhibit 'A,' the name of Thomas Haddix had theretofore

been signed thereto. That at the time he signed same he believed that said Haddix had signed the same, but that he has since learned and alleges it to be true, that said Haddix had not signed said writing and had not authorized anyone in writing to sign his name thereto. That had he known this he would not have signed said writing himself, nor would he have become bound upon said writing, except upon the belief and understanding that said Haddix was also bound thereon.

"He says that said writing is not his deed, nor is it his act."

Subsequently Sewell filed an amended answer, setting up the following defense:

"The defendant, G. W. Sewell, by leave of the court, amends his original answer herein, and for amendment thereto, says, that the writing sued on herein was signed by him in the presence of the plaintiff, that is to say, it was signed at and in an open meeting of the plaintiff. That said writing was presented to him by one of the members of the plaintiff in the presence of the plaintiff, who asked him to sign said writing, stating at the time that the defendant, Thomas Haddix, had signed it. He says that said Haddix at that time was, and is still solvent and that he would not have signed said writing but for the representations of the plaintiff that said Haddix had signed it. He says that he is advised, believes and therefore charges that said representations were false, in this, that said Haddix had not signed said writing nor had he authorized anyone else in writing to sign same for him and is not bound thereon."

A demurrer was interposed and sustained to the original and amended answers filed by defendant, Sewell. Having declined to plead further, judgment was rendered in favor of plaintiff. From that judgment Sewell appeals.

This is not a case where a surety signed a bond upon the condition that it was not to be delivered until another surety, whose name appeared in the body of the bond, had signed it, and this condition was known to the obligee. In his original answer appellant merely pleads that he signed the bond in the belief that the name of Haddix had been signed thereto, whereas in fact it had not been signed by him, and if this had been known to appellant he would not have signed the bond.

In the absence of fraud on the part of the obligee, a surety on a bond will not be relieved from liability merely because he signs the bond in the belief that the signature of a co-surety appearing on the bond is genuine, when, as a matter of fact, it is a forgery. Cook v. Boyd, 16 B. Mon., 443; Terry and Bell v. Hazlewood, 62 Ky., 104. If, however, the obligee make false or fraudulent statements to a surety at the time of the execution of the bond, or during the negotiations leading up to it, and the surety is thereby induced to sign the bond, this will afford sufficient ground for annulling the bond so far as he is concerned. 32 Cyc., 59; Benton Co. Savings Bank v. Bodicker, 105 Iowa, 548, 75 N. W., 632, 67 Am. St. Rep., 310, 45 L. R. A., 321. Where, however, false or fraudulent statements of a third party are relied upon for defense, it must appear that such party was authorized to represent the obligee. Hall, &c. v. Smith, 14 Bush, 602. The amended answer was filed for the purpose of presenting the plea of false representations. It is not alleged that any of the principal officers of the lodge, or anyone charged with the duty of taking bonds or anyone having authority to represent the lodge, stated to appellant that Haddix had signed the bond. It is simply alleged that the writing was presented to appellant by one of the members of the plaintiff, in the presence of the plaintiff, who asked him to sign said writing, stating at the time that the defendant, Thomas Haddix, had signed it. This allegation is insufficient to show that the person making the false representation had authority to represent the lodge. A lodge will not be bound by the false statements of one of its members, made to one who was about to become surety on a bond, in the absence of a showing that he had general authority to represent the lodge in the matter of taking bonds or had special authority to represent the lodge with respect to the bond in question.

It follows that the demurrer to the original and the amended answer was properly sustained.

Judgment affirmed.