THE STATE OF KANSAS, *Appellant,* v. H. J. PRICE et al.,
*Appellees.*

No. 17,932.

SYLLABUS BY THE COURT.

1. FELONY— *Conviction* — *Appeal* — *Recognizance* — *Forfeiture.*
By the provisions of the statute a defendant, who has been
convicted of a felony and appeals to the supreme court from
such conviction, may be granted a stay of the sentence pend-
ing the preparation and hearing of the case 'on appeal upon
a sufficient undertaking, given by others and not himself, upon
the approval thereof by the proper officer of the state.

2. ——— *Same.* When such an undertaking is presented to the
proper officer for approval he may, if he finds the same suffi-
cient, approve the same and grant the stay although the body
of the bond may indicate that it was prepared to be signed not
only by those who did in fact sign it but by others also.

3. ——— *Same.* In such case the makers of the bond are not
to be excused from liability thereon, although they may have
understood and agreed at the time of signing the same that
the undertaking should not become valid until signed by such
others; it devolves upon such signers to see that such under-
taking or agreement is completed before delivery.

Appeal from Franklin district court. Opinion filed
February 8, 1913. Reversed.

*John S. Dawson,* attorney-general, and *S. N.
Hawkes,* assistant attorney-general, for the appellant.

*F. M. Harris,* of Ottawa, for the appellees.

The opinion of the court was delivered by

SMITH, J.: W. M. Stuckey, one of the appellees,
was tried and convicted of a felony in the district
court of Franklin county and appealed to the supreme
court. The form of a bond was prepared in the body
of which were the following recitals:

"Now, Therefore, We, the said W. M. Stuckey, as
principal, and John Bollman, H. J. Price, A. Reid, B. F.
Caldwell, and J. C. Nelson, of Franklin county, Kansas,

as sureties acknowledge ourselves indebted to the state of Kansas in the sum of $2000, for the payment of which, well and truly to be made, we bind ourselves, our heirs and legal representatives, by these presents.

"The condition of this obligation is such, that if the said W. M. Stuckey shall, on the order or judgment of said supreme court, surrender himself to the sheriff of Franklin county, and shall in all respects abide and perform the judgment and decision of said court in this action, then this obligation shall be null and void; otherwise to remain in full force and effect."

The bond was signed by the persons named as sureties, except John Bollman, who did not sign it, neither did Stuckey. In this condition it was presented to the chief justice of the supreme court and was approved, and the stay of judgment against Stuckey was granted. Thereafter it was ordered by the supreme court that the appeal be dismissed and the appeal bond be forfeited unless the appellant W. M. Stuckey should surrender himself to the sheriff of Franklin county and bring himself within the jurisdiction of this court within ten days.

Thereafter, upon motion and evidence of the failure of Stuckey to comply with such order, the supreme court declared of record the bond forfeited and adjudged that the sureties who signed the bond should pay the county treasurer of Franklin county the amount of the recognizance, $2000.

Thereupon this action was commenced in the district court of Franklin county to recover on the bond. The petition in the action recited the facts in full, of which this is an abbreviated statement, and there was attached thereto, as exhibits, copies of the proceedings in the district court and in the supreme court, and of the bond and of the record of the forfeiture thereof. Judgment was prayed for against Stuckey, Price, Reid, Caldwell and Nelson. To this petition defendants Price, Reid, Caldwell and Nelson, filed a general demurrer, which was overruled, and thereupon they filed

an answer in which they alleged that the bond, as prepared, indicated that it was understood that it was to be signed not only by themselves but by W. M. Stuckey and John Bollman; also, that there was an agreement between themselves and the defendant, Stuckey, and John Bollman that they were not to become liable upon such bond unless Stuckey as principal and all the sureties named in the bond, including Bollman, should sign the same, and that the bond should not be delivered, to any officer of the state until so signed; that the bond was delivered in violation of such agreement; that the recital of the names of the persons by whom the bond was to be made was notice to the justice of the supreme court, who approved the bond, and to the state of Kansas of such agreement and understanding between the parties thereto that the bond should not become valid until signed by the principal and all the sureties named therein.

To this answer a general demurrer was filed on behalf of the state. Upon the hearing of such demurrer in the district court it was sustained, on the principle that it searched the record and carried it back to the petition, and, the attorney for the state electing to stand thereon, judgment was rendered against the state for costs. To reverse these rulings the case is brought here upon the appeal of the state.

The provisions and requirements in regard to giving bonds in felony cases like this are found in section 287 of the criminal code. By the provisions of this statute, the party appealing is not required to sign the bond.

An attempt is made to distinguish between a recognizance and a bond. There is no distinction and the words are used interchangeably in this state. (*Ingram v. The State*, 10 Kan. 630; *Jennings v. The State*, 13 Kan. 80.) Several other decisions have been rendered following these cases.

By the provisions of section 154 of the criminal code, no irregularity in giving the bond or in any pro-

ceeding relating thereto shall defeat an action upon the recognizance if it be made to appear that the defendant was legally in custody charged with a public offense, that he was discharged by reason of the giving of the recognizance, and it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court or magistrate for examination or trial for such offense. The strict rule of the common law in reference to recognizances is changed by this statute. (*McLaughlin v. The State*, 10 Kan. 581.)

In *Gay v. The State*, 7 Kan. 394, it was said:

"A recognizance is not a contract between individuals. . . . It is an acknowledgment of record of a preëxisting debt owing by the cognizors to the state, not as sureties but as principals." (Syl. ¶ 2.)

(See, also, *Barclay v. The State*, 15 Kan. 99.)

Regarded as a contract, the recognizance pleaded would at common law be a joint contract, but by the provisions of section 1638 of the General Statutes of 1909 it must be construed as a joint and several contract. It follows, therefore, that under such a recognizance, executed by several persons, an action would lie against any one, or any number less than all, or against all of the signers thereto.

The petition in this case stated sufficient facts to constitute a cause of action upon the bond against each one severally or against all jointly of the signers thereto. The order of the court, therefore, in sustaining the demurrer to the petition was erroneous.

It remains to inquire whether the court erred in declining to sustain the demurrer filed to the answer of the appellees. (*Sewell v. Breathitt Lodge No. 649, F. & A. M.*, [Ky. 1912], 150 S. W. 677.)

It is urged that since the body of the bond indicated that it was proposed to be the obligation of Stuckey and Bollman jointly with the appellees, that this was notice to the justice of the supreme court who accepted

and approved the bond that the instrument was incomplete. Also, that there was an agreement between the proposed makers thereof that the undertaking was not to bind any one of them until all of the makers, including Stuckey and Bollman, should sign the undertaking. This contention is negatived by the fact that the undertaking was several as well as joint, and, as we have seen, the instrument is an individual acknowledgment of each signer that, upon breach of the condition of the bond he would become individually indebted to the state, that he stands as a principal and not as a surety. It devolves upon each signer to such a bond, if he so desires, to see that the bond is not delivered to a public officer for approval until it is signed by all persons who are to be obligated thereby.

Moreover, the provisions of section 154 of the criminal code fairly preclude the defenses pleaded to the action in this case. The signers of the bond are presumed to know the law, and when they individually signed the bond and delivered it to another to be delivered to the officer for acceptance, even if they had expected or had even agreed that the bond should not be valid until signed by others, if such bond came to the possession of an officer authorized to approve and accept it, and a defendant legally in custody, charged with a public offense, was discharged from custody by reason of the giving of the recognizance by which they undertook that the defendant should appear before a court or magistrate for examination or trial for such offense, they can not be heard to dispute their obligation. The demurrer to the answer should have been sustained.

The judgment is reversed and the case is remanded with instructions to set aside the order sustaining the demurrer to the petition and to sustain the demurrer to the answer, and, unless further pleading is allowed, to enter judgment against the appellees as prayed for.