### No. 28,295.

THE STATE OF KANSAS, ex rel. J. F. DARBY, County Attorney of Greenwood County, *Appellee*, v. C. E. GILMORE et al., *Defendants;* ANNIE EVANS, as Administratrix of the Estate of W. H. Evans, Deceased, *Appellant.*

(275 Pac. 194.)

Opinion filed March 9, 1929.

*Gordon A. Badger*, of Eureka, for the appellant.
*J. F. Darby*, of Eureka, and *Joseph A. Fuller*, of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover on an appeal bond given in a criminal action. Judgment was rendered in favor of the plaintiff against Annie Evans as administratrix of the estate of W. H. Evans, deceased, and she appeals.

C. E. Gilmore was convicted in the district court of Greenwood county on two counts of an information charging him with separate violations of the prohibitory liquor law. He was fined $100 and sentenced to thirty days in jail on the first count, and fined $400 and sentenced to jail for a period of sixty days on the second count.

He appealed from that judgment to the supreme court. The only order of the court fixing the amount of the appeal bond was shown on the trial docket. It contained the following recital: "Appeal bond fixed at $1,000 and $300." The $1,000 bond was given; the $300 bond was not given. The $1,000 bond with signatures thereto and the approval thereof was as follows:

"Amount $1,000.

"We, C. E. Gilmore, as principal and F. P. Doerr and Sam Trout as surety, jointly and severally acknowledge ourselves to owe and be indebted to the state of Kansas in the sum of one thousand and no one-hundreds ($1,000) dollars if default be made in the following conditions:

"The condition of this bond is such that if the said C. E. Gilmore appears in the supreme court of the state of Kansas by his attorneys on the first day of the next term thereof and remains in attendance thereon from day to day and term to term as his appeal from a conviction of a violation of the prohibitive law shall remain undisposed of and not depart without leave and abide by the judgment of the supreme court in the premises; and further conditioned that the defendant shall within thirty days after the affirmance of the judgment by the supreme court or the final disposition of the case in any way, other than a reversal of the judgment, pay the fine and costs assessed, then this bond to be void; otherwise, to remain in full force and effect.

"Witness our hands this —— day of ————, 1922.　　C. E. GILMORE.
　　　　　　　　　　　　　　　　　　　　　　　　F. P. DOERR.
　　　　　　　　　　　　　　　　　　　　　　　　SAM TROUT.
　　　　　　　　　　　　　　　　　　　　　　　　W. H. EVANS.

"O. K. as to form. JOSEPH A. FULLER, *County Attorney.*

"Approved this 12th day of October, 1922.—RICHARD CREBO, JR., *Clerk of the District Court.* A. T. AYRES, *Judge.*"

1. The appellant argues that W. H. Evans was not liable on the bond because "Gilmore was intentionally released from custody of the officers without having furnished all the bonds required by the statutes and by the order of the court to entitle him to his release, and without any stay order being made by the court, and therefore the bond sued on never became effective and was discharged."

Section 62-1705 of the Revised Statutes reads:

"Any person convicted of a misdemeanor, in the district court, may appeal to the supreme court, by complying with the laws now in force, and giving bonds as follows: (1) A bond in double the fine and costs, conditional upon the payment of such fine and costs within thirty days after the affirmance of the judgment by the supreme court, or the final disposition of the case, in any way, other than a reversal of the judgment. (2) A bond, in an amount to be fixed by the trial judge, that, pending the appeal, the defendant will not violate the law under which the conviction was had. These bonds shall

run to the state, and shall be approved by the clerk of the district court, after a personal examination of the sureties, under oath, as to their financial responsibility."

Section 62-1710 of the Revised Statutes must be examined; that statute reads:

"In an appeal to the supreme court from a judgment of conviction the execution of the judgment or sentence shall be stayed by the order of the court trying the case or the judge thereof or by order of the supreme court or any justice thereof after the service of a lawful notice of appeal and upon the appellant giving bond in such sum as the court; justice or judge making the order shall prescribe, said bond to be approved by said trial court, or the judge thereof or the supreme court or any justice thereof."

There is another section that must be examined, section 62-1226 of the Revised Statutes, which reads:

"No action upon a recognizance shall be defeated, nor shall judgment thereon be arrested, on account of any defect of form, omission of recital, condition of undertaking therein, neglect of the clerk or magistrate to note or record the default of any principal or surety at the term or time when such default shall happen, or of any other irregularity, so that it be made to appear that the defendant was legally in custody charged with a public offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court or magistrate for examination or trial for such offense."

In *McLaughlin v. State,* 10 Kan. 581, this court said:

"In a criminal recognizance it is unnecessary to recite the steps in the prosecution which give the officer authority to require the recognizance. All that the recognizance need contain is the penalty and the condition." (Syl.)

A case nearer to the present one is *State v. Price,* 88 Kan. 724, 129 Pac. 940, where this court said:

"By the provisions of the statute, a defendant, who has been convicted of a felony and appeals to the supreme court from such conviction, may be granted a stay of the sentence pending the preparation and hearing of the case on appeal upon a sufficient undertaking, given by others and not himself, upon the approval thereof by the proper officer of the state." (Syl. ¶ 1.)

"Moreover, the provisions of section 154 of the criminal code fairly preclude the defenses pleaded to the action in this case. The signers of the bond are presumed to know the law, and when they individually signed the bond and delivered it to another to be delivered to the officer for acceptance, even if they had expected or had even agreed that the bond should not be valid until signed by others, if such bond came to the possession of an officer authorized to approve and accept it, and a defendant legally in custody, charged with a public offense, was discharged from custody by reason of the giving

of the recognizance by which they undertook that the defendant should appear before a court or magistrate for examination or trial for such offense, they cannot be heard to dispute their obligation." (p. 728.)

C. E. Gilmore gave the bond in question for the purpose of securing a stay of execution and his release from custody while his appeal was pending in the supreme court. Under that bond, execution was stayed, and he was released from custody. His failure to give all of the bonds prescribed by section 62-1705 resulted in his benefit. Those who signed the bond should not be heard to question its validity because the purpose for which the bond was given was accomplished when execution was stayed and when Gilmore was released from the custody of the officers. His appeal was dismissed, but C. E. Gilmore could not be found by the sheriff. The terms of the bond were violated. The bondsmen were bound by its terms although no other bond was given.

2. The appellant argues that the estate of W. H. Evans is not liable on the bond because his name did not appear in the body thereof. His name appears to have been signed on the bond after the signatures of those whose names had been recited in it. He cites *Adams et al. v. Wilson*, 10 Mo. 341, which supports his contention; but, the supreme court of Missouri overruled that case in *Keeton et al. v. Spradling et al.*, 13 Mo. 321, and in *Johnson & Cain v. Steamboat Lehigh*, 13 Mo. 539. What was the purpose of W. H. Evans in signing the bond? There is only one answer to that question. That answer is that he intended to make himself liable on the bond for its faithful performance. If he did not intend so to do he should not have signed it. When he signed it he became a party to it and was bound by it in the same manner and to the same extent as if his name had been recited in it as one of the obligators.

In 9 C. J. 11 it is said:

"The fact that an obligor's name is not recited in the body of the bond, or is incorrectly recited therein, does not affect the validity of the bond or his liability thereunder, if the bond is otherwise properly executed and signed by him."

Cases are there cited as supporting what is said in the text from more than twenty states in the Union and from the United States supreme court and from England.

The judgment is affirmed.